**148**

UNIVERSITY OF KENTUCKY ALBERT
B. CHANDLER MEDICAL
CENTER, Appellant,

v.

Ron PARTIN, Appellee.

No. 86–CA–2241–DG.

Court of Appeals of Kentucky.

Jan. 29, 1988.

As Modified Feb. 5, 1988.

Anna R. Gwinn, Andrews & Shackelford, Lexington, for appellant.

Thor Bahrman, Cathy E. Prewitt, Bahrman & Prewitt, Corbin, for appellee.

Before HOWERTON, C.J., and McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This Court granted discretionary review in this case and limited the issue on review to whether the circuit court erred in holding that the movant's failure to timely file its statement of appeal required dismissal of its appeal to circuit court from district court. The appellant, University of Kentucky Albert B. Chandler Medical Center, timely filed its notice of appeal; however, the medical center failed to timely perfect its appeal by filing a statement of appeal. The Medical Center filed a motion for enlargement of time and tendered its statement of appeal within two weeks of the statement's due date. The appellee, Ron Partin, countered with a motion to dismiss. The circuit court initially granted the Medical Center's motion, but it later vacated the order allowing the statement to be filed and dismissed the appeal. In its dismissal order, the circuit court held that an enlargement of time for a statement of appeal must be premised upon a showing that a party failed to learn of the entry of an order or judgment which affects the time for taking an appeal, citing CR 6.02 and 73.02(1)(d).

The Medical Center asserts that the circuit court misinterpreted CR 6.02 as limiting the court's discretion to grant an enlargement of time to file a statement of appeal. The Medical Center's interpretation of the rules is correct. CR 72.02 directs that appeals from district court to circuit court "shall be taken in the time and manner specified in Rules 73.01 to 73.03." CR 73.01 through 73.03 pertain to, for the most part, the time for filing and the contents of the notice of appeal. The limitation in CR 6.02 that a court may grant an enlargement under CR 72.02 and 73.02 only upon the condition stated in those rules refers to the filing of a notice of appeal. CR 73.02(1)(d) allows a trial court to extend the time for filing a notice of appeal upon a certain showing by an appellant; the rule does not concern a court's authority to extend the time to perfect an appeal by filing a statement of appeal.

Filing a notice of appeal, or "taking an appeal," is a separate step from perfecting an appeal. The notice of appeal in an appeal from district court to circuit court is governed by CR 72.02 and, by incorporation, CR 73.01 through 73.03. To perfect an appeal from district court to circuit

court, an appellant must file a statement of appeal within thirty days after the filing of the notice of appeal. The statement of appeal is governed by CR 72.06 through CR 72.10. Nothing in CR 6.02 limits a court's discretion to extend the time for filing a statement of appeal except to those grounds stated in CR 6.02. This conclusion is supported by CR 73.02(2), which states that the failure to timely file a notice of appeal is fatal to the appeal, but the failure of a party to timely complete other procedural steps "does not affect the validity of the appeal ... but is ground only for such action as the appellate court deems appropriate...."

Partin asserts in response that the circuit court had discretion under CR 73.02(2) to dismiss the appeal. While this is true, it is apparent from the circuit court judgment that it felt constrained by CR 6.02 to require a showing that the Medical Center failed to learn of the entry of a judgment or order affecting the time for appeal. Therefore, the court did not exercise its discretion using appropriate standards. As for dismissal being an appropriate sanction for failure to timely file a statement of appeal, the Supreme Court cautioned in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986), that the penalty imposed under CR 73.02(2) should be proportionate to the harm caused to the opposing party and the seriousness of the defect. We note that Partin did not allege in the circuit court that he was prejudiced by the Medical Center's delay of less than two weeks in the tendering of its statement of appeal.

While the circuit court erred in dismissing the appeal for the reason it cited, under all of the circumstances, we cannot say that it had abused its discretion when it earlier permitted the statement of appeal to be filed late. For this reason the circuit court order entered August 12, 1986, is vacated and the appeal to the circuit court is reinstated.

All concur.