**Thomas A. DEMOSS, Mark A. Smith, Charles L. Sherman, Glenn Hibbard, Richard L. McQuitty, Terry Cuzick, Charles E. Lewis, William Johnson, Larry D. Whitehead, Gerald O. Kent, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 88–CA–298–D.

Court of Appeals of Kentucky.

Feb. 3, 1989.

Before HAYES, MILLER and WEST, JJ.

WEST, Judge.

This is an appeal from the opinion of the Jessamine Circuit Court in an appeal from the Jessamine District Court involving the appellants' charges of cruelty to animals and/or criminal facilitation of cruelty to animals. The charges arose out of the arrest of the appellants on April 25, 1987, at an alleged cockfight. In June of 1987, the appellants moved the district court to dismiss the action, contending that under state law, birds were not considered animals and were therefore outside the purview of the cruelty to animals statute. Both the appellants and the Commonwealth briefed the matter. The district court heard arguments on July 13, 1987 and took the case under advisement. On July 17, 1987, that court entered an order of dismissal based on the argument made by the appellants. The county attorney's office, on behalf of the Commonwealth, filed a notice of appeal on August 6, 1987, despite RCr. 12.04(3) which requires that in criminal cases a notice of appeal be filed within ten (10) days of the date of the entry of the judgment. The appellants moved in the circuit court to dismiss the appeal on the ground that the notice of appeal was not timely filed. The Commonwealth argued that it had not received notice of the entry of judgment. The circuit court overruled the motion to dismiss and reversed the district court's judgment.

Discretionary review was granted the appellants and they again raise their argument that the circuit court was without jurisdiction to hear the appeal from district court because the notice of appeal was not timely filed. Although we regret that we cannot reach the merits of this case, we agree that the appeal should have been dismissed.

The Rules of Criminal Procedure deal with criminal cases and appeals from criminal actions. The specific civil rules set out in RCr. 12.02 are the civil appellate rules which apply in criminal actions. None of those specifically delineated civil rules al-

Ken Taylor, Daugherty, Thomas and Taylor, Nicholasville, for appellants.

Frederic J. Cowan, Atty. Gen., Howard Downing, Jessamine Co. Atty., Nicholasville, for appellee.

low any relief from the ten (10) day time limit for filing the notice of appeal.

■ As to the failure of the clerk to give notice of the entry of the judgment, RCr. 12.06(3) specifically exempts the notice requirement in non-felony cases. We do not agree with the appellee's argument that RCr. 12.06(3) is an absurd provision. Its purpose is to save the clerk's office from a great amount of additional time and expense which in most cases would be unnecessary because the vast majority of judgments in district court are rendered in open court on the record in the presence of the parties. Where as here, the case is taken under submission and therefore off the regular docket, it would not seem unreasonable for the judge to continue the matter for a date certain for its ruling and make it in open court or in the alternative to send copies of the judgment to the litigants or their attorneys. In overruling the motion to dismiss the appeal, the circuit court cited RCr. 13.04 and CR 77.04. Evidently the court concluded that pursuant to CR 77.04(3) the district judge had the obligation to require in the order that service of notice of entry be made. However, CR 77.04(4) precludes such omission from being error. Therefore it must be concluded that the rules intend it to be incumbent upon the parties in a non-felony criminal action to maintain a vigil in the clerk's office to determine when a judgment is entered in these circumstances.

■ The circuit court where acting as the appellate court cannot grant an appeal whenever it chooses to do so, in disregard of the rules of procedure. While an extension of time may be granted by the circuit court to complete perfection of an appeal, *U.K., Albert B. Chandler Med. Ctr. v. Partin*, Ky.App., 745 S.W.2d 148 (1988), the filing of the notice of appeal is mandatory and jurisdictional. *Cobb v. Carpenter*, Ky.App., 553 S.W.2d 290 (1977); *Commonwealth v. Cobb*, Ky.App., 728 S.W.2d 540 (1987). The appellate court lacks jurisdiction unless the notice is seasonably filed. Jurisdiction can not be conferred by consent of the parties or by waiver. Also, the Commonwealth's contention that the circuit court acting in its appellate capacity can at any time grant a belated appeal to prevent "manifest injustice" is simply incorrect. It is clear that *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985), is not applicable as it deals specifically with a criminal defendant's right under the Sixth Amendment to receive effective assistance of counsel. The Commonwealth simply does not enjoy those personal constitutional rights.

For the foregoing reasons we believe the circuit court was without jurisdiction to hear the appeal and it should have been dismissed. Based on this decision, we do not reach the substantive issue of the applicability of the cruelty to animals statute as to birds.

The judgment of the Jessamine Circuit Court is vacated and the case remanded with directions that the district court's judgment be reinstated.

All concur.