Mark R. SMITH, Appellant,

v.

GOODYEAR TIRE AND RUBBER COMPANY and Workers' Compensation Board, Appellees.

No. 89–CA–587–WC.

Court of Appeals of Kentucky.

June 30, 1989.

William M. Radigan, Walker, Radigan & Zeller, Louisville, for appellant.

Richard Paul Schiller, Jr., Schiller & Osbourn, Louisville, for appellees.

Before HOWERTON, C.J., and HAYES and REYNOLDS, JJ.

HAYES, Judge.

This action is a petition under CR 76.25 for review of an appellate decision of the Workers' Compensation Board. The action is currently before this panel on motion of the appellee, Goodyear Tire and Rubber Company, to dismiss the action for failure to properly file the petition. Specifically, the appellee alleges that the filing was deficient because the filing fee required by CR 76.25(2) and CR 76.42(2)(a)(xi) was not tendered to the clerk until after the time allowed for the filing of the petition.

The opinion of the Workers' Compensation Board which appellant asked us to review was rendered on February 10, 1989. CR 76.25(2) requires that the petition for review of such decisions be filed in the office of the Clerk of the Court of Appeals within thirty (30) days of the date of the Board's decision. The petition would have been due on March 12, if that date had not fallen on a Sunday. By operation of Rule CR 6.01, the petition was due on Monday, March 13.

Counsel for appellant properly used CR 76.40(2) and placed the petition in the U.S. registered mail on March 13. Therefore, the petition was treated as timely tendered when received by the clerk's office on March 14, 1989. However, the petition could not be immediately filed because the filing fee was not received at that time. In accordance with its normal practice, the clerk's office caused an order to be entered given the appellant ten (10) days to correct the deficiency.

The deficiency was corrected by the payment of the filing fee on March 15, 1989, and this action was filed as of that date. However, the appellant's failure to pay the filing fee within the thirty (30) days allowed by CR 76.25(2) caused the appellee to file a motion to dismiss this action at the same time as the appellee filed its response to the petition under CR 76.25(6).

Because we feel that the appellant's compliance with CR 76.25(2) and with the deficiency order entered by the clerk's office was sufficient to meet the standard of substantial compliance, the Court ORDERS that the motion to dismiss be, and it is hereby, DENIED.

Under the policy of strict compliance, which was the standard applied in enforcement of the appellate rules prior to 1986, dismissal of this case may have been appropriate. In *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986), the Kentucky Supreme Court abandoned the standard of strict compliance in favor of a standard of substantial compliance. The Kentucky Supreme Court further explained and refined the applicability of the standard in *Crossley v. Anheuser–Busch, Inc.*, Ky., 747 S.W.2d 600 (1988). In that opinion, at page 601, the Court stated:

In *Ready v. Jamison, supra*, this Court adopted a policy in which dismissal is a disfavored remedy for violation of the civil rules relating to appellate procedure. Noting that our former policy of "automatic dismissal" was in conflict with the rule applied in the majority of state courts and the Federal courts, we sought to make the sanction imposed comensurate with the harm caused by the violation. To this end, we imposed upon the appellate court in which the case is pending the duty to decide the appropriate sanction on a case-by-case basis and exercise its discretion only after considering the seriousness of the

defect. We identified three objectives which we sought to further:

> ... [A]chieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal. *Ready, supra,* at 482.

Therefore, the discretion of an appellate court to determine what sanction to impose is not unrestricted, but must be measured against the objectives we have identified. The Court must attempt to balance the harm caused against the objectives sought to be promoted to arrive at an appropriate sanction.

When we examine the situation currently before this Court in light of the objectives set out by the Supreme Court in the above quotation, we note that dismissal of this appeal would result in a failure to decide this case on the merit and in the appellant's loss of his right to appeal.[1] Dismissal of this action would therefore be appropriate only if the damage to those two objectives were offset by some contribution to the achievement of an orderly appellate process. We find none. Appellant properly utilized CR 76.40 and so timely placed the Court on notice of his desire for review of the Board's decision. All parties were properly notified and could have filed whatever cross-petitions were appropriate under CR 76.25(9). The procedure whereby the clerk in this Court permitted the appellant to correct his deficient tender by payment of the filing fee on March 15 actually furthers rather than hinders an orderly appellate process.

The only recent published opinion concerning the payment of an appellate filing fee is the case of *Manley v. Manley,* Ky., 669 S.W.2d 537 (1984). That opinion held that, under CR 73.02(1)(b), a notice of appeal could not be validly filed without the payment of the filing fee or the granting of a motion to proceed in forma pauperis. Failure to tender the filing fee or to move

the Court for in forma pauperis status within the time allowed for the filing of a notice of appeal was fatal to the attempted appeal. That opinion relies solely on the language of CR 73.02(1)(b), which specifically precludes docketing or noting the notice as filed until the payment is made. There is no similar language in CR 76.25(2).

Therefore, in applying the standard of substantial compliance as required by *Ready v. Jamison, supra,* and *Crossley v. Anheuser–Busch, Inc., supra,* we find that dismissal of this action would be inappropriate. We have considered lesser sanctions as permitted under CR 73.02(2), and find that no sanction is appropriate in view of counsel's rapid and appropriate compliance with the deficiency order entered by this Court on March 14, 1989.

All concur.

---

1. We note in passing that although CR 76.25(2) requires a party aggrieved by a Workers' Compensation Board decision to initiate review in the Court of Appeals by a "petition," review of such decisions by the Court of Appeals is as a matter of right. The Court of Appeals has no discretion to decline to review such decisions. Kentucky Constitution § 111(2); KRS 342.290; SCR 1.030(3); *Jefferson County Board of Education v. Miller,* Ky.App., 744 S.W.2d 751 (1988).