**Wallace Dale RAINWATER, Appellant,**

v.

**JASPER & JASPER MOBILE HOMES, INC.; Larry R. Beale, Director of Special Fund; Hon. Thomas Shewmaker, Administrative Law Judge; and Workers' Compensation Board Members, Hon. Armand Angelucci, Hon. Larry Greathouse, and Hon. William Miller, Appellees.**

No. 90–CA–1676–WC.

Court of Appeals of Kentucky.

June 7, 1991.

Joel R. Smith, Wilson, Smith & Hoover, Jamestown, for appellant.

Willis G. Coffey, John F. Kelley, Jr., Farmer, Keller & Kelley, London, and Bartley J. Colomb, Lexington, for appellee, Jasper & Jasper Mobile Homes, Inc.

David Randall Allen and Peggy D. Guier, Frankfort, for Special Fund.

Before LESTER, C.J., and HOWERTON and WILHOIT, JJ.

OPINION AND ORDER

LESTER, Chief Judge.

This case is before the Court upon a petition for review of the decision of the Workers' Compensation Board. Appellee has moved for dismissal of the petition on grounds that it was not timely filed. We agree and accordingly order the cause DISMISSED.

The claimant herein received an opinion and award from the administrative law judge on November 3, 1989. The employer filed a notice of appeal to the Workers' Compensation Board which rendered its decision on June 1, 1990, reversing the administrative law judge. Appellant subsequently submitted this petition for review to the Court on August 6, 1990, more than sixty (60) days after the Board's decision.

CR 76.25 is the applicable rule regarding review of workers' compensation board decisions. Section (2) of that rule states:

Within 30 days of the date upon which the Board enters its final decision pursuant to KRS 342.285(3) any party aggrieved by that decision may file a petition for review by the Court of Appeals and pay the filing fee required by CR 76.-42(2)(a)(xi). *Failure to file the petition within the time allowed shall require dismissal of the petition.* (emphasis added).

In accordance with the rules, appellee moved for dismissal of the petition. This Court passed that motion to the panel which would review the case on the merits. Appellant argues that this Court should not dismiss the petition because of the Supreme Court's adoption of the "substantial compliance" doctrine in appellate proceedings. *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1989). The substantial compliance doctrine was followed recently in *Smith v.*

*Goodyear Tire and Rubber Co.,* Ky.App., 772 S.W.2d 640 (1989), also relied upon by the appellant.

However, there is a critical distinction in this case. In *Smith, supra,* the petition was timely filed but was not accompanied by the filing fee. *Id.* at 641. This Court has held that failure of a party to timely complete *some* procedural steps may not affect the validity of the appeal. *University of Kentucky, Albert B. Chandler Medical Center v. Partin,* Ky.App., 745 S.W.2d 148 (1988). Failure to timely file a notice of appeal, however, is fatal to the action. CR 73.02(2). *Id.* Filing of the notice of appeal within the time prescribed by CR 73.01 is mandatory and jurisdictional. *Burchell v. Burchell,* Ky.App., 684 S.W.2d 296 (1984).

Appellant submits that he did not receive a copy of the Board's opinion until after the appeal time had run. He admits, however, receiving a copy of the Order of Submission from the Board. Both KRS 342.285(3) and 803 KAR 25:011 section 12(13) require the Board to enter its decision within thirty days of the issuance of that submission. The order of submission was dated June 1, 1990. Accordingly, appellant should have been, at least, on notice that an opinion had been rendered prior to his telephone call to the Board of July 31, 1990. Neither appellant's good faith admission to inexperience with the newer procedures in workers' compensation cases, nor his claim of a "good and compelling issue" upon the merits can give this Court the jurisdiction or authority to extend the time for filing of a notice of appeal or petition for review.

The motion to dismiss is GRANTED.

HOWERTON, J., concurs.

WILHOIT, J., concurs in result and files a separate opinion.

WILHOIT, Judge, concurring.

I reluctantly concur in the result reached by the majority because our jurisdiction seems to be set by CR 76.25(2). *See* Constitution of Kentucky § 111(2). CR 76.25(2) requires that a petition for review be filed within 30 days of the Board's final decision. While I cannot say the failure of the Board to give notice of entry of its decision would violate due process, certainly some provision by rule or statute should be made to extend the time for seeking judicial review when the Board fails to give notice.