**UNINSURED EMPLOYERS' FUND, Appellant,**

v.

**John Cleveland POYNER, Jr. (deceased); James L. Poyner, Administrator of the Estate of Marjorie P. Poyner; Ray Stahl, d/b/a Stahl Logging; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**Ray STAHL, d/b/a Stahl Logging Co., Appellant,**

v.

**John Cleveland POYNER, Jr. (deceased); James L. Poyner, Administrator of the Estate of Marjorie P. Poyner; Uninsured Employers' Fund; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

Nos. 91–CA–1001–WC, 91–CA–1023–WC.

Court of Appeals of Kentucky.

April 3, 1992.

As Modified May 1, 1992.

Chris Gorman, Atty. Gen., Michael A. Richardson, Asst. Atty. Gen., Frankfort, for Uninsured Employers' Fund.

Edward G. Drennen, Florence, for Ray Stahl d/b/a Stahl Logging Co.

Thomas B. Givhan, John E. Spainhour, Givhan & Spainhour, P.S.C., Shepherdsville, for appellees Poyner.

Before GARDNER, SCHRODER and WILHOIT, JJ.

WILHOIT, Judge.

These are petitions for review of an opinion of the Workers' Compensation Board which held the appeal of Ray Stahl, d/b/a Stahl Logging Company, should be dismissed, but also addressed the merits of the appeal. We shall first consider the procedural issue.

The administrative law judge (ALJ) rendered his opinion and award August 29, 1989, finding the decedent, John Poyner, was an employee of Mr. Stahl at the time of Mr. Poyner's work-related death, and setting Poyner's average weekly wage at $250 a week. Stahl and the Uninsured Employers' Fund each filed a petition for reconsideration. No argument is made concerning the timeliness of the filing of either petition. The ALJ denied the petitions by order entered October 26, 1989. Stahl filed a notice of appeal wherein he stated that he was appealing the October 26 order. Stahl's brief before the board addressed the issues of whether Poyner was an employee or an independent contractor and the calculation of Poyner's average weekly wage. The claimant responded to those two arguments, and also contended the appeal should be dismissed because the notice of appeal was insufficient in that it designated the order denying the petitions for reconsideration as the order appealed. The board agreed with the claimant, reasoning that the issues raised by Stahl were determined adverse to him in the opinion and award, not the order denying the petition for reconsideration.

■ We cannot agree with the board's conclusion that the appeal should have been dismissed. While it is true that Stahl was appealing the ALJ's opinion and award, not the order denying the petitions for reconsideration, no prejudice resulted to any party from improperly designating the order appealed from in the notice of appeal. There was only one opinion and award in the proceeding, and it is apparent from the briefs filed before the board that all parties were cognizant of the issues on appeal. Unlike the situation in *Rainwater v. Jasper & Jasper Mobile Homes Inc.*, Ky.App., 810 S.W.2d 63 (1991), no question is raised regarding the timeliness of the appeal. Under the civil rules of procedure, failure to properly designate the order being appealed is not a jurisdictional defect. *See Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986); *compare City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990). KRS 342.285 does not make the improper designation of the order being appealed in a timely-filed notice of appeal a jurisdictional defect.

■ We now turn to a consideration of the substantive issues. The board affirmed the ALJ's finding that Poyner was an employee of Stahl. Since some facts were disputed and the credibility of witnesses was drawn into question, the board properly used the substantial evidence test in reviewing the ALJ's opinion. *See Uninsured Employers' Fund v. Garland*, Ky., 805 S.W.2d 116, 118 (1991); *Brewer v. Millich*, Ky., 276 S.W.2d 12, 15 (1955). *Ratliff v. Redmon*, Ky., 396 S.W.2d 320 (1965), lists the factors in determining whether a person is an employee or an independent contractor. Of all the factors listed in *Ratliff*, four are predominant: the nature of the alleged employee's work as related to the business of the alleged employer, the extent of control, the professional skill of the alleged employee, and the intentions of the parties. *Husman Snack Foods Co. v. Dillon*, Ky.App., 591 S.W.2d 701, 703 (1979), *quoting Chambers v. Wooten's IGA Foodliner*, Ky., 436 S.W.2d 265 (1969).

Admittedly, the evidence presented a close case. There was testimony that Stahl, who was in the logging business, directed Poyner which logs to cut and marked the logs, but more important, that Stahl provided the saw and the gas for the saw when Poyner's was not functioning properly, in addition to other tools, and that Stahl told Poyner and his son when to take a lunch break. In light of this testimony, we cannot say that the ALJ's decision was clearly erroneous.

The ALJ determined Poyner's average weekly wage to be $250. KRS 342.-140(1)(f) provides that if "[t]he hourly wage has not been fixed or cannot be ascertained, the wage for the purpose of calculating compensation shall be taken to be the usual wage for similar services where such services are rendered by paid employes." As there was evidence that the usual rate of pay was $50 a day, or $250 for a five-day work week, the ALJ's finding is not clearly erroneous.

The opinion of the board is reversed insofar as it holds the appeal should have been dismissed. In all other respects the opinion of the board is affirmed.

All concur.