WORKERS' COMPENSATION BOARD
and W. Bruce Cowden, Jr.,
Appellants,

v.

Lloyd SILER, Special Fund,
and American Greetings
Corporation, Appellees.

No. 91–SC–1021–WC.

Supreme Court of Kentucky.

Sept. 24, 1992.

Modified Nov. 12, 1992.

Case Ordered Published by Supreme
Court Nov. 12, 1992.

Valerie L. Salven, General Counsel, Dept. of Workers' Claims, Frankfort, for appellant Workers' Compensation Bd.

W. Bruce Cowden, Administrative Law Judge, Lexington, for appellant W. Bruce Cowden, Jr.

Rodney E. Buttermore, Jr., Steven Parker Boggs, Forester, Buttermore, Turner & Lawson, P.S.C., Harlan, for appellee Siler.

Larry D. Beale, Cathy Utley Costelle, Labor Cabinet–Special Fund, Louisville, for Special Fund.

Willis G. Coffey, London, for appellee American Greetings Corp.

MEMORANDUM OPINION
OF THE COURT

In this workers' compensation case, the Administrative Law Judge (ALJ) denied benefits to claimant by opinion rendered October 15, 1990. The opinion was entered by the Workers' Compensation Board (Board) on October 16, 1990. Claimant certified that he mailed the notice of appeal on November 14, 1990. The notice was received by the Board on November 16, 1990, or 31 days after the ALJ's decision was filed.

The Board is granted the authority under KRS 342.260 to promulgate regula-

tions necessary to carry on its work, including regulations necessary for reviewing decisions of the ALJ. KRS 342.285. Consistent with this grant of authority, the Board promulgated 803 KAR 25:0011 § 12 which provides that:

> (1) Within thirty (30) days after the date of filing of a written opinion, order or decision finally adjudicating a case, a party aggrieved by the opinion, order, or decision may appeal ... to the Workers' Compensation Board....
>
> (2) The appeal shall be initiated by the filing of a notice of appeal....

In addition, 803 KAR 25:0011 § 1 provides that:

> (6) 'Date of filing' means the date a pleading, motion or other document is received by the board at its office in Frankfort, Kentucky.

Based upon claimant's noncompliance with these regulations, the Board dismissed claimant's appeal.

In a split decision, the majority of the Court of Appeals reversed the dismissal of the Board and remanded the case. The Court of Appeals reasoned as follows:

> ... in the interest of justice, and in order that Siler's claim may be fully heard, we hold that where a Notice of Appeal is timely mailed to the Board, and no prejudice is shown by the appellees, that the appellant's appeal shall be considered by the Board, as if the Notice of Appeal was timely filed. We believe this to be in keeping with the doctrine of substantial compliance as adopted by the Kentucky Supreme Court in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986).

 Our adoption of the substantial compliance rule provides that the failure of a party to timely complete some procedural steps may not affect the validity of the appeal. CR 73.03(2); *Ready*, 705 S.W.2d at 479; *Smith v. Goodyear Tire and Rubber Co.*, Ky.App., 772 S.W.2d 640 (1989). However, filing of the Notice of Appeal within the prescribed time frame is still considered mandatory, and failure to do so is fatal to the action. CR 73.03(2); *City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990); *Rainwater v. Jasper & Jasper Mobile Homes*, Ky.App., 810 S.W.2d 63 (1991).

In *Jenny Wiley Health Care Center v. Com.*, Ky., 828 S.W.2d 657 (1992), we considered the appellant's argument that where a party in good faith attempts to adhere to agency procedures necessary to perfect review, due process concerns call for our adoption of a substantial compliance approach. The appellant in *Jenny Wiley* had failed to timely request a hearing with the Secretary of the Cabinet for Human Resources within the twenty-day time limitation provided by the agency regulation. 900 KAR 2:020 § 2(2). We noted the error in relying upon *Ready v. Jamison* and its progeny which concerned defects other than failure to timely perfect the appeal.

CR 73.02(2) provides:

> The failure of a party to file notice of appeal within the time specified in this rule ... shall result in a dismissal of the appeal.... The failure of any party to comply with other rules relating to appeals ... does not affect the validity of the appeal ... but is ground only for such action as the appellate court deems appropriate, which may include....

We held in *Jenny Wiley* that under CR 73.02(2) and *Ready v. Jamison*, Jenny Wiley Health Care Center's good-faith attempt to file notice of appeal would require an automatic dismissal because it did not meet the time specifications of the agency regulation.

The substantial compliance doctrine does not apply to circumstances of this case and, therefore, the decision of the Court of Appeals is reversed, and the Board's order dismissing the appeal is reinstated.

All concur.