**COMMONWEALTH of Kentucky, CABINET FOR HUMAN RESOURCES, Appellant**

v.

**Barbara Sue RILEY; Robert L. Whittaker, Acting Director of Special Fund; Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**Robert L. WHITTAKER, Acting Director of Special Fund, Appellant**

v.

**Barbara RILEY; Commonwealth of Kentucky, Cabinet for Human Resources; Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

Nos. 94–SC–722–WC, 94–SC–763–WC.

Supreme Court of Kentucky.

Feb. 22, 1996.

As Modified on Denial of Rehearing May, 23, 1996.

William A. Miller, Sr., Joel W. Aubrey, and Thomas L. Ferreri, Louisville, for appellant/appellee Cabinet for Human Resources.

Joel D. Zakem, Labor Cabinet, Louisville, for appellant/appellee Special Fund.

Debra Rowlett King, King & King, Pine Knot, for appellee, Barbara Sue Riley.

Walter W. Turner and Valerie L. Salvin, Frankfort, for appellee Workers' Compensation Board.

Roger D. Riggs, Mt. Sterling, for Administrative Law Judge.

### MEMORANDUM OPINION OF THE COURT

This is an appeal from a Court of Appeals' opinion which held that the Workers' Compensation Board abused its discretion by enforcing its regulation with respect to the timely filing of a completed application for benefits.

The questions presented are whether Riley's application was never timely filed so as

to toll the statute of limitations of KRS 342.185 and whether the Board abused its discretion by enforcing its regulations.

Riley suffered two injuries at CHR. The injury under review in this appeal occurred on July 22, 1986. CHR voluntarily paid temporary total disability benefits through June 29, 1987. However, the final check was not issued until December 15, 1987.

Precisely two years later, on December 15, 1989, Riley filed an application for benefits with the Department of Workers' Claims. This application was filed on an old Form 11, the use of which had been discontinued for some time. 803 KAR 25:011 Section 5(1). Riley otherwise failed to comply with applicable regulations in that a medical report substantiating her claim was not tendered. Thus, on December 20, 1989, the Department issued a letter to Riley's counsel advising of the insufficiency of the application and enclosing the new forms. 803 KAR 25:011 Section 3(2). The letter stated in bold print:

> The original date received will be shown as the date of filing if application is resubmitted in proper form within ten days from the date of this letter. Otherwise the second date of the receipt shall be the filing date.

A resubmitted application on Riley's behalf was received by the Department on January 2, 1990. However, by letter of January 8, 1990, the application was again returned to counsel for the reasons that it had not been signed by Riley, it was not attested, and again no medical report was tendered.

On January 19, 1990, the Department received a Form 101 Application with an attached medical report. The claim form was signed by Riley and apparently the signature, and notarization therefore, were "backdated". January 19, 1990 was therefore treated as the filing date of the application by claim processing personnel.

CHR filed a motion to dismiss the application as barred by the limitations of KRS 342.185 and the ALJ dismissed the claim. Riley then appealed to the Board which affirmed the ALJ. The Court of Appeals then reversed, holding that the Board abused its discretion in enforcing its regulations. CHR

has now appealed, contending that the Court of Appeals erred because first, no "application was filed" within the time prescribed by KRS 342.185 and the claim is therefore barred, and second, that the regulations of the Board have the effect of law and there can be no abuse of discretion in enforcing them.

We agree with CHR's position and reverse the decision of the Court of Appeals. On December 15, 1989, Riley filed a written claim for compensation which was sufficient to comply with KRS 342.190. Thus, as of that date, the statute of limitations was tolled. However, despite the Board's allowance of ten days in which to correct the deficiencies in Riley's application for benefits, she did not satisfactorily amend her claim for 35 days. We reverse the Court of Appeals because this delay in complying with the time requirements of the regulation, standing alone, was sufficiently egregious to warrant the dismissal of Riley's claim.

The Board was correct in recognizing the sufficiency of Riley's initial correspondence in tolling the statute of limitations, so long as she complied with the additional regulatory requirements, after the fact, within a reasonable time. The authority of the Board to implement such regulations in order to efficiently process claims has been upheld, and a failure to comply with such regulations is proper grounds for dismissal. *Workers' Compensation Board v. Siler*, Ky., 840 S.W.2d 812 (1992); *Cornett v. Corbin Materials, Inc.*, Ky., 807 S.W.2d 56 (1991).

The decision of the Court of Appeals is reversed and the decision of the Workers' Compensation Board and the Administrative Law Judge are reinstated.

STEPHENS, C.J., and GRAVES, KING, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents.