## McCREARY COUNTY BOARD OF EDUCATION, Appellant,

v.

### Stephanie BEGLEY, Appellee.

#### No. 2002–SC–0264–WC.

Supreme Court of Kentucky.

Nov. 21, 2002.

---

1. Ky., 17 S.W.3d 520 (2000).

2. *Id.* at 525.

Douglas W. Gott, Bowling Green, Counsel for Appellant.

Kenneth Sizemore, London, Counsel for Appellee.

## OPINION OF THE COURT

Reversing decisions by an Administrative Law Judge (ALJ) and the Workers' Compensation Board (Board), the Court of Appeals has determined that where a timely, but defective, application is received by the Department of Workers' Claims (DWC), a policy of substantial compliance must govern enforcement of the time for resubmitting an amended claim. 803 KAR 25:010E, § 3(2). We disagree.

The claimant was injured at work on September 10, 1997. Her employer paid temporary total disability (TTD) benefits until August 11, 1998, after which she returned to work. Consistent with its obligation under KRS 342.040(1), the DWC then notified her that she had two years from the date that benefits were terminated in which to file a claim. On August 11, 2000, her Form 101 application for benefits was received at the DWC. Nonetheless, because the application was not typewritten, was incomplete in several respects, and was neither signed, witnessed, nor notarized, the DWC returned it to her on August 21, 2000, with a cover letter that listed each of the defects and stated as follows:

THE ORIGINAL DATE RECEIVED WILL BE SHOWN AS DATE OF FILING IF THE APPLICATION IS RESUBMITTED IN PROPER FORM WITHIN 20 DAYS FROM THE DATE OF THIS LETTER. IT IS IMPERATIVE THAT THIS LETTER BE RETURNED WITH YOUR APPLICATION TO INSURE PROPER FILING DATE.

Twenty days from August 21, 2000, was September 10, 2000, which was a Sunday. Thus, by DWC policy, the period for compliance was extended to Monday, September 11, 2000, the next day that was not a Saturday, Sunday, or holiday.

The claimant's amended Form 101 indicates that she signed it on September 8, 2000, which was a Friday. An unsworn, unnotarized document, that was styled as

an "affidavit" and attached to the claimant's brief to the ALJ, indicates that her attorney's secretary deposited it in regular U.S. Mail on September 11, 2000. The DWC received the corrected application on September 14, 2000, and stamped it as having been filed on that date. On October 4, 2000, the Commissioner issued the Notice of Claim, notifying the employer of the application and informing the parties that it had been assigned to an ALJ. Furthermore, the document advised the employer that a Form 111 (Notice of Claim Denial or Acceptance) must be filed within 45 days.

Forty-five days after October 4, 2000, was November 18, 2000, which was a Saturday. On Monday, November 20, 2000, the next day that was not a Saturday, Sunday, or holiday, the employer timely filed its Form 111 and a Special Answer, wherein it asserted a limitations defense. Its argument was that a corrected Form 101 must be received by the DWC in order to be "resubmitted" and in order for its filing date to relate back to the original date received. Thus, it maintained that the claimant's amended application was untimely because it was not received by the DWC until September 14, 2000.

The claimant pointed out that the regulation used the word "resubmitted" and failed to define it, arguing that the purpose of the regulation was not to impose a strict time requirement as with filing. Otherwise, the term "refiled" or "received" would have been used. In view of the fact that September 10, 2000, was a Sunday, she maintained that she had resubmitted the corrected application by mailing it on the 20th day, that she had complied with the regulation under the mailbox rule, that she had done so within a reasonable time, and that any delay was due to excusable neglect and the ambiguous wording of the regulation. *See Cabinet for Human Re-sources v Riley*, Ky., 921 S.W.2d 616, 617 (1996). She argued, therefore, that a policy of substantial compliance should be applied. Finally, she maintained that the employer waived its right to raise a limitations defense by failing to file its special answer until 47 days after the date of the Commissioner's Notice of Claim.

Rejecting the claimant's argument concerning the applicability of the mailbox rule, the ALJ determined that she had failed to comply with it. Finding no distinction between the regulation's use of the terms "filing" and "resubmission," the ALJ pointed out that the claimant was informed that resubmission must occur *within* 20 days in order for the original filing date to apply. The ALJ concluded, therefore, that the claim was not filed within the statutory period of limitations and must be dismissed.

Agreeing with the decision, the Board pointed out that the regulations have not adopted the "mailbox rule" and that even the civil rules adopt it only in instances where a document is deposited with a carrier that reflects the date upon which it receives the document, an example being registered mail. See CR 76.40(2). Yet, here, the claimant offered only a purported affidavit that was neither sworn nor notarized. Noting the need "to afford some reasonable degree of consistency in addressing filing requirements," the Board concluded that depositing a document in a mailbox was insufficient to comply with the regulation and that the claim was properly dismissed.

Reversing and remanding, the Court of Appeals noted that the initial filing tolled the period of limitations, that compliance with the regulation was "something less than jurisdictional," and that strict compliance was neither mandated nor justified by the holding in *Riley, supra*. The Court determined, therefore, that it was an abuse

of discretion for the ALJ to fail to apply "the less draconian standard of substantial compliance, which is the correct approach according to *Riley.*" Concluding that a policy of substantial compliance "comports more logically and more harmoniously with the spirit of 'beneficent purpose' underlying and animating the 'letter' of the rules and regulations," the Court remanded the matter for a decision on the merits of the claim. Thus, the employer appeals.

■ 803 KAR 25:010E, § 3 provides, in pertinent part, as follows:

> (1) An application for resolution of claim and all other pleadings shall be typewritten and submitted upon forms prescribed by the commissioner.
>
> (2) ... Incomplete applications may be rejected and returned to the applicant. If the application is resubmitted in proper form within twenty (20) days of the date it was returned, the filing shall relate back to the date the application was first received by the commissioner. Otherwise, the date of second receipt shall be the filing date.

In *Riley, supra,* the worker submitted a defective Form 101 on December 15, 1987, precisely two years after the final payment of TTD. At that time, the regulation permitted a corrected Form 101 to be resubmitted within 10 days of the date that it was returned. Thus, on December 20, 1989, the DWC returned the form to counsel with a letter which indicated that if it was resubmitted within 10 days, the filing would relate back to the date on which it was originally received but that, otherwise, the date of second receipt would be the filing date. The 10–day period ended on December 30, 1989, which the 1989 calendar indicates was a Saturday. Ms. Riley's resubmitted application was received on January 2, 1990, the next day that was not a Saturday, Sunday, or holiday. Like the initial application, the resubmitted one was

deficient. Although the regulation did not expressly provide for multiple 10–day periods, the application was again returned to counsel with a letter indicating that it must be completed and resubmitted within 10 days. The application was received by the DWC 11 days thereafter, on January 19, 1990, and the DWC treated the date of receipt as the filing date. Thus, an ALJ later dismissed the claim as being untimely.

Although the Board affirmed the dismissal, the Court of Appeals reversed on the ground that the Board had abused its discretion in enforcing its regulation. Finding no such abuse, we reversed the Court of Appeals, pointing out that although the regulation provided for a 10–day period within which to correct a defective claim, Ms. Riley had failed to do so for some 35 days. We noted that such a delay, by itself, was sufficiently egregious to warrant dismissal. Turning to another argument, we agreed with the Board's reasoning that timely receipt of the initial Form 101 tolled the period of limitations so long as Ms. Riley complied with the requirements of the regulation within "a reasonable time." *Id.* at 617. Noting the Board's authority to implement regulations in order to assure the efficient processing of claims, we determined that a failure to comply with the regulations was a proper ground for dismissal. *Workers' Compensation Board v. Siler,* Ky., 840 S.W.2d 812 (1992); *Cornett v. Corbin Materials, Inc.,* Ky., 807 S.W.2d 56 (1991).

It is apparent that Ms. Riley was given two 10–day periods to resubmit a proper application, that the first amended application was received within the applicable 10–day period, but that the second amended application was not received until one day after the applicable 10–day period had expired. The decision clearly implied, therefore, that because the Board had the au-

thority to implement regulations, it had the authority to grant a second 10–day extension if a resubmitted but deficient Form 101 was received within the applicable 10–day period. Although our use of the words "within a reasonable time" might be confusing, the fact remains that we reinstated the Board's decision after concluding that it was authorized to implement and enforce regulations. In other words, we concluded that the Board was authorized to require that an amended Form 101 must be received within the 10–day period following its return to the worker or that the latest date of receipt would control its filing. Nothing in *Riley, supra,* indicated that an amended application was considered to be resubmitted on the day that it was mailed.

KRS 342.185 requires that a claim shall be made within two years after the date of accident or the last voluntary payment of income benefits, whichever is later. It is mandatory. As amended effective April 4, 1994, KRS 342.228 gives the Commissioner of the DWC jurisdiction to administer Chapter 342, and KRS 342.260 vests the Commissioner, rather than the Board, with the authority to promulgate administrative regulations for implementing Chapter 342. The filing of a claim is the procedural device for invoking the DWC's jurisdiction, and 803 KAR 25:010E, §§ 3, 5, and 6 set forth the procedure for applying for the resolution of an injury or occupational disease claim under Chapter 342. 803 KAR 25:010E, § 1(5) defines the "date of filing" as the date upon which a pleading is received by the Commissioner at the DWC. Thus, the regulations provide that in order for a worker to invoke the DWC's jurisdiction within the period of limitations, the Commissioner must receive a proper application for resolution of the claim within the period. Although the DWC has a policy of extending the date for taking an action from a Saturday, Sunday, or holiday to the next day that is not a Saturday, Sunday, or holiday, it has not chosen to adopt a "mail rule" such as that set forth in CR 76.40(2).

■ In order to prevent the dismissal of a claim because the application, though timely received, was defective, 803 KAR 25:010E, § 3(2) gives the worker a grace period of 20 days within which to amend it.[1] By operation of the provision, a timely received but defective application serves to toll the period of limitations for a period of 20 days. See, *Riley, supra.* Thus, the DWC interprets its regulation as requiring that an amended application must be received within the 20–day period. Otherwise, it treats the application as having been filed on the date that the amended application is received. With regard to the claimant's assertion that the word "resubmitted" should be construed as "mailed," we note that ordinarily an administrative body's construction of its own regulation is controlling, particularly when that construction is longstanding and consistent. See *J.B. Blanton Co. v. Lowe,* Ky., 415 S.W.2d 376, 378 (1967). Furthermore, long before the instant claim arose, *Riley, supra,* made it apparent that the DWC and the Board construed "resubmitted" as meaning "received."

Concluding that the DWC's implementation of 803 KAR 25:010E, § 3(2) is contrary to the spirit of Chapter 342 and, therefore, inconsistent with KRS 342.260(1), the Court of Appeals urges that the DWC be required to apply a "less draconian" standard when enforcing the 20–day grace period. It is apparent, however, that 803 KAR 25:010E, § 3(2), itself,

---

1. 803 KAR 25:010E, § 27 provides a similar 20–day grace period if an outdated application or form is submitted.

exemplifies a policy that is "less draconian" than strict compliance with respect to the application requirements. It prevents the dismissal of a meritorious but defective application that is received within the applicable period of limitations by providing a 20–day grace period within which to resubmit an amended application. Mindful of the Commissioner's authority under KRS 342.260(1), we conclude that neither the regulation nor the manner in which the DWC enforces it is unreasonable or contrary to Chapter 342.

The claimant's amended application was due on Sunday, September 10, 2000; therefore, Monday, September 11, 2000 was the next day that was not a Saturday, Sunday, or holiday. Her application was not received at the DWC until September 14, 2000. Under those circumstances, the ALJ properly determined that the amended application was resubmitted on September 14, 2000, which was outside the 20–day grace period; that the filing date for the claim was September 14, 2000; that the period of limitations expired on September 11, 2000; and that the claim was not filed within the applicable period of limitations. Thus the Board properly affirmed the decision.

The decision of the Court of Appeals is reversed, and the decisions of the Board and the ALJ are hereby reinstated.

All concur.