Anthony SADLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2005–CA–000604–MR.

Court of Appeals of Kentucky.

June 30, 2006.

Anthony Sadler, Burgin, pro se.

Gregory D. Stumbo, Attorney General of Kentucky, James Havey, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR and VANMETER, Judges; EMBERTON, Senior Judge.[1]

## OPINION AND ORDER

VANMETER, Judge.

Anthony Sadler appeals from the Mercer Circuit Court's order denying his motion seeking RCr 11.42 relief. For the following reasons, we must dismiss this appeal.

Sadler was indicted on October 25, 1999, of two counts of murder and two counts of attempted murder. In exchange for Sadler's guilty plea, the Commonwealth agreed to recommend a life sentence without the possibility of parole for twenty-five years for each of the two murder counts, and a twenty-year sentence for each of the two attempted murder counts. On September 20, 2001, the circuit court accepted Sadler's guilty plea and entered a judgment sentencing him as recommended, with the sentences to run concurrently.

On August 26, 2004, Sadler filed a motion to vacate, set aside, or correct his sentence pursuant to RCr 11.42. The circuit court denied this motion by an order entered January 11, 2005. On January 25, Sadler filed a motion seeking relief pursuant to CR 59.05[2] and CR 52.02.[3] The circuit court denied this motion by an order entered February 1. On February 16, Sadler filed a motion to proceed in forma pauperis and tendered with it a notice of appeal. The circuit court granted Sadler's motion to proceed in forma pauperis by an order entered February 22, and Sadler's notice of appeal was filed on March 16.

Pursuant to RCr 12.04(3), Sadler had thirty days in which to file an appeal after the circuit court entered its January 11, 2005, order denying his RCr 11.42 motion. Thus, Sadler's notice of appeal was not timely when it was tendered with his motion to proceed in forma pauperis on February 16, 2005.[4]

Moreover, Sadler's appeal is not saved by the fact that he filed CR 59.05 and CR 52.02 motions. As stated in *Mills v. Commonwealth*,[5] "the filing of a CR 59.05 [motion] after a trial court has ruled on an RCr 11.42 motion does not suspend the running of the time for an appeal." Further, consistent with the *Mills* rationale that "only those appellate civil rules listed in RCr 12.02 apply to criminal appel-

---

**1.** Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

**2.** CR 59.05 provides as follows: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

**3.** CR 52.02 provides as follows: "Not later than 10 days after entry of judgment the court

of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59."

**4.** *See* CR 5.05(4).

**5.** 170 S.W.3d 310, 323 (Ky.2005).

late procedures[,]" [6] neither does the filing of a CR 52.02 motion suspend the running of the time for a criminal appeal. Finally, even if it could be said that timely motions pursuant to CR 59.05 and CR 52.02 tolled the running of time in which to file a criminal appeal, Sadler's appeal would not be saved since his motion seeking relief pursuant to these rules was also untimely filed.[7] Accordingly, this court lacks jurisdiction to hear the merits of Sadler's appeal.[8]

For the foregoing reasons, it is ORDERED that this appeal be DISMISSED.

ALL CONCUR.

---

6. *Id.* at 322.

7. *See* CR 52.02, CR 59.05.

8. *See Demoss v. Commonwealth,* 765 S.W.2d 30, 32 (Ky.App.1989) (an "appellate court lacks jurisdiction unless the notice is seasonably filed"); *see also* CR 73.02(2) ("[t]he failure of a party to file timely a notice of appeal ... shall result in a dismissal or denial").