RENDERED: AUGUST 25, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1394-MR

BRIAN PERRY                                                           APPELLANT

v.
APPEAL FROM BATH CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 20-CR-00012

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Brian Perry appeals the order of the Bath Circuit Court, entered

on November 14, 2022, revoking his probation. After careful review of the record,

briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On February 20, 2020, Perry was indicted for first-degree possession

of a controlled substance (methamphetamine), first offense, and possession of drug

paraphernalia. On July 2, 2020, Perry agreed to plead guilty to an amended charge

of second-degree possession of a controlled substance and the drug paraphernalia charge in return for a sentence of 12 months, which the Commonwealth ultimately agreed would be probated. Perry waived a separate sentencing hearing due to the probation of his sentence. On July 7, 2020, the trial court entered a written judgment and sentence pursuant to these terms and imposed $165.00 in court costs to be paid within 90 days.

On September 28, 2022, Perry was arrested on a bench warrant issued on November 5, 2020, following a reported probation violation. On October 6, 2022, the trial court subsequently appointed the Department of Public Advocacy to represent Perry at the probation revocation hearing. After an evidentiary hearing on November 3, 2022, the trial court revoked Perry's probation and ordered he serve his original sentence. This appeal followed.

## LEGAL ANALYSIS

On appeal, Perry argues he qualifies as a "poor person" under KRS[1] 453.190(2), and as a result, the trial court erred by imposing court costs against him. Perry concedes this issue is unpreserved but asserts it constitutes a sentencing matter which may be raised for the first time on appeal. Alternatively, he requests review for palpable error. *See Commonwealth v. Moore*, 664 S.W.3d 582, 590

---

[1] Kentucky Revised Statutes.

-2-

(Ky. 2023) (footnotes omitted) ("[T]he trial court and appellate court have inherent authority to correct an unlawful sentence at any time, [and] a defendant may raise a sentencing issue through any of the following relief mechanisms: direct appeal, with the standard of review being abuse of discretion even when the sentencing issue is not preserved; RCr[2] 11.42; CR[3] 60.02; or a writ of habeas corpus.").

In response to Perry's arguments, the Commonwealth first contends that Perry's notice of appeal challenging the trial court's November 14, 2022, order revoking probation is silent concerning court costs and, therefore, cannot provide relief from payment of these costs. Moreover, the Commonwealth notes that it was the trial court's order of judgment and sentence entered on July 7, 2020, which imposed court costs, and maintains that Perry's argument is unpreserved for appellate review due to his failure to timely appeal that order. Finally, the Commonwealth argues that Perry's claim does not involve a sentencing issue because the trial court never entered a finding relating to "poor person" status. *See Spicer v. Commonwealth*, 442 S.W.3d 26, 34-35 (Ky. 2014). We agree with the Commonwealth on all three arguments.

"When an issue has not been addressed in the order on appeal, there is nothing for us to review." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App.

---

[2] Kentucky Rules of Criminal Procedure.

[3] Kentucky Rules of Civil Procedure.

2017) (footnote and citations omitted). Thus, a reversal of the November 14, 2022, revocation order will not grant the relief requested since it contains no provision concerning court costs.

In the alternative, Perry's brief specifically "requests that this Court reverse the court costs portion of the *final judgment*." (Emphasis added.) In *Ready v. Jamison*, 705 S.W.2d 479, 482 (Ky. 1986), the Kentucky Supreme Court held that the doctrine of substantial compliance applies when a notice of appeal misidentifies the order appealed from, and "the judgment appealed from can be ascertained within reasonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent." To the extent we can construe this appeal as intending to challenge the July 7, 2020, judgment and sentence, Perry's notice of appeal was filed over two years after entry of that order in violation of the 30-day filing requirement set forth by RAP[4] 2(A)(3), and substantial compliance will not cure an untimely filed appeal. *See Excel Energy, Inc. v. Commonwealth Institutional Sec., Inc.*, 37 S.W.3d 713, 716-17 (Ky. 2000); *Demoss v. Commonwealth*, 765 S.W.2d 30, 32 (Ky. App. 1989) ("The appellate court lacks jurisdiction unless the notice is seasonably filed."). While the courts of the Commonwealth have inherent authority to cure an unlawful sentence at any time, that authority can only be exercised once its jurisdiction has

---

[4] Kentucky Rules of Appellate Procedure.

been established. *See Smothers v. Lewis*, 672 S.W.2d 62, 65 (Ky. 1984) (emphasis added) ("[A] court, *once having obtained jurisdiction of a cause of action*, has, as incidental to its general jurisdiction, inherent power to do all things reasonably necessary to the administration of justice in the case before it . . . .").

Even if Perry's claim was properly preserved for review, we would nevertheless find no error. "Under KRS 23A.205(2), the imposition of court costs is mandatory 'unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.'" *Constant v. Commonwealth*, 603 S.W.3d 654, 662 (Ky. App. 2020). "If a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal." *Spicer*, 442 S.W.3d at 35. "A sentencing error only occurs when a defendant's poverty status is clearly established and the trial judge imposes costs contrary to that finding." *Roe v. Commonwealth*, 493 S.W.3d 814, 831 (Ky. 2015), *as modified* (May 5, 2016), *as corrected* (Nov. 14, 2016).

On July 2, 2020, during Perry's sentencing, no request was made of the trial court to determine his poverty status for purposes relating to court costs. Despite this, the trial court inquired on its own accord as to Perry's previous and

-5-

current employment and education status, and Perry informed he was unemployed, never had a job, and dropped out of high school. However, the trial court did not enter an express finding as to Perry's "poor person" status based on this information. Regardless, it does not clearly establish such status because the record is silent regarding his capacity to pay court costs within the *foreseeable future*. *See* KRS 23A.205(2); *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012) (emphasis added) ("[T]he KRS 23A.205 directive to consider not only the defendant's present ability to pay court costs *but also his ability 'in the foreseeable future' cannot be overlooked*."). At that time, Perry was a 21-year-old individual whose sentence was probated. There was nothing to indicate he could not secure income to cover the nominal costs within the required deadline imposed, and further, the fact he was appointed an attorney based on indigent status does not automatically preclude imposition of court costs. *See Maynes*, 361 S.W.3d at 929-30, 933 ("[W]e conclude that the trial court was authorized under Kentucky law to impose court costs despite [Appellant's] status as an indigent defendant entitled to the services of a public defender. . . . [Appellant] was to be released from custody pursuant to his diversion agreement, and so . . . he could reasonably be expected in the near future to acquire the means to pay the relatively modest court costs of $130.00. . . . The restoration of . . . freedom [is] also the restoration of [the] ability to work, and so justified the trial court's order that [the Appellant] pay the

statutorily mandated court costs pursuant to KRS 23A.205.").  Thus, we find no error in the trial court's imposition of court costs, and this appeal does not present a sentencing issue or any other issue otherwise properly preserved for appellate review.

## CONCLUSION

For the reasons discussed above, the order of the Bath Circuit Court is hereby AFFIRMED.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jennifer Wade | Daniel Cameron |
| Frankfort, Kentucky | Attorney General of Kentucky |
| | |
| | Thomas A. Van De Rostyne |
| | Assistant Attorney General |
| | Frankfort, Kentucky |