# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: DECEMBER 14, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0232-WC

KELLY PORTER                                         APPELLANT

                    ON APPEAL FROM COURT OF APPEALS
V.                             NO. 2022-CA-1259
                WORKERS' COMPENSATION NO. WC-17-85945

AXELON, INC.; HONORABLE                                 APPELLEES
JOHNATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Kelly Porter, pro se, appeals from an opinion of the Court of Appeals which affirmed the decision of the Workers' Compensation Board ("Board") to dismiss his appeal. Having carefully reviewed the record and briefs, we affirm the opinion of the Court of Appeals.

On June 5, 2018, Porter, with the assistance of counsel, filed a workers' compensation claim for injuries sustained during the course of his employment with Axelon, Inc. On January 8, 2020, Porter's original counsel moved to withdraw, which the Administrative Law Judge (ALJ) granted. Porter obtained alternate counsel who entered an appearance on his behalf in April 2020. A formal hearing was conducted on February 23, 2021.

On April 21, 2021, the ALJ awarded Porter temporary total disability (TTD), permanent partial disability (PPD) and medical benefits. Both parties petitioned for reconsideration. On May 13, 2021, the ALJ entered an amended opinion and award. Both parties again petitioned for reconsideration. The ALJ entered a second amended opinion and award on June 2, 2021. While neither party petitioned for reconsideration from the second amended opinion and award, both parties appealed to the Board.

The Board affirmed the ALJ on most of the disputed issues but remanded the matter for consideration of whether Porter was entitled to the application of the two-multiplier, as provided by KRS 342.730(1)(c)2. Neither party appealed from the decision of the Board.

On remand, the ALJ entered an opinion and award on January 6, 2022, concluding that Porter was entitled to application of the two-multiplier. Both parties petitioned for reconsideration. On February 18, 2022, the ALJ issued additional findings of facts to support its conclusion that Porter was entitled to the application of the two-multiplier. Axelon appealed to the Board.

On appeal, the Board vacated the ALJ's determination concerning the application of the two-multiplier and remanded with directions to recalculate Porter's post-injury wages. Neither party sought further review. On remand, the ALJ entered an opinion and award on August 16, 2022, recalculating Porter's post-injury wages under KRS 342.140(d). The ALJ further concluded the two-multiplier did not apply because Porter did not return to work at the

same or greater wages as the pre-injury amount. Neither party filed a petition for reconsideration.

On September 15, 2022, Porter's counsel filed a motion to approve his attorney's fee pursuant to KRS 342.320. The record does not reflect whether the ALJ ruled on the attorney fee issue. Porter's counsel did not file a notice of appeal. On September 16, 2022, Porter, pro se, mailed a request via United Parcel Service for an extension of time to file an appeal to the Board. The Board received the request on September 19, 2022. Axelon filed a response in opposition to Porter's motion. The Board entered an opinion and order dismissing Porter's appeal as untimely. The Court of Appeals affirmed. This appeal followed.

Porter argues the Court of Appeals erred by affirming the dismissal of his appeal as untimely. We disagree.

KRS 342.285 governs the procedure for filing an appeal from the decision of an ALJ to the Board and states in pertinent part:

> (1) An award or order of the administrative law judge as provided in KRS 342.275, if petition for reconsideration is not filed as provided for in KRS 342.281, shall be conclusive and binding as to all questions of fact, but either party may in accordance with administrative regulations promulgated by the commissioner appeal to the Workers' Compensation Board for the review of the order or award.

803 KAR[1] 25:010 § 22(2)(a) further provides:

> Within thirty (30) days of the date a final award, order, or decision rendered by an administrative law judge pursuant to KRS 342.275(2) is filed, any party aggrieved by that award, order, or

---

[1] Kentucky Administrative Regulations.

3

decision may file a notice of appeal to the Workers' Compensation Board.

803 KAR 25:010 § 1(7) defines "[d]ate of filing" as "the date that":

> (a) A pleading, motion, or other document is electronically filed with the commissioner at the Department of Workers' Claims (DWC) in Frankfort, Kentucky;
>
> (b) A pleading, motion, order, opinion, or other document is received by the commissioner at the Department of Workers' Claims in Frankfort, Kentucky, except:
>
>> 1. Documents delivered to the offices of the Department of Workers' Claims after the office is closed at 4:30 p.m. or on the weekend, which shall be deemed filed the following business day; or
>>
>> 2. Documents transmitted by United States registered (not certified) or express mail, or by other recognized mail carriers shall be deemed filed on the date the transmitting agency receives the document from the sender as noted by the transmitting agency on the outside of the container used for transmitting, within the time allowed for filing.

Our precedents have steadfastly maintained the timely filing of a notice of appeal is mandatory "and failure to do so is fatal to the action." *Workers' Compensation Bd. v. Siler*, 840 S.W.2d 812, 813 (Ky. 1992). The doctrine of substantial compliance does not apply to untimely appeals. *Id.* While pro se litigants may generally be entitled to leniency for the failure to comply with procedural requirements, an untimely notice of appeal is "a jurisdictional defect that cannot be remedied." *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990), *superseded on other grounds by rule change as stated in Mahl v. Mahl*, 671 S.W.3d 140, 151 (Ky. 2023).

Porter's notice of appeal was due on September 15, 2022. As the Court of Appeals and the Board correctly held, Porter's attempt to file a notice of appeal was untimely from the outset because the document was not mailed until September 16, 2022, one day after the time for appeal had expired. Moreover, we cannot consider the affidavit and email attached to Porter's brief in support of his claim that he timely filed his appeal albeit in the wrong forum because these documents were neither included in the record nor otherwise presented to the Court of Appeals or the Board. An appellate court cannot consider matters outside the record even when presented by a pro se litigant. RAP 32(E)(1)(c); *Telek v. Daugherty*, 376 S.W.3d 623, 626 (Ky. App. 2012). Ultimately, it is the responsibility of the "[t]he filing party [to] insure that a document is timely filed to comply with jurisdictional deadlines[.]" 803 KAR 25:010 § 4(1).

Accordingly, the decision of the Court of Appeals is affirmed.

All sitting. VanMeter, C.J.; Bisig, Conley, Lambert, Nickell, and Thompson, JJ., concur. Keller, J., concurs in result only.

COUNSEL FOR APPELLANT:

Kelly A.L. Porter, pro se

COUNSEL FOR APPELLEE:

Cate A. Poole
Goodrum & Downs, PLLC

ADMINISTRATIVE LAW JUDGE:

Hon. Johnathan R. Weatherby

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman