**HENRY CLAY MINING COMPANY, INC., Movant,**

v.

**V & V MINING COMPANY, INC., Respondent.**

No. 87–SC–95–DG.

Supreme Court of Kentucky.

Oct. 15, 1987.

As Modified on Denial of Rehearing Jan. 21, 1988.

Margaret E. Keane, John H. Stites, Greenebaum, Doll & McDonald, Louisville, Henry D. Stratton, Pamela Todd Robinette, Pikeville, for movant.

Joseph R. Wheat, W. Terry McBrayer, Glenn E. Acree, McBrayer, McGinnis, Leslie & Kirkland, Lexington, for respondent.

STEPHENS, Chief Justice.

The issue to be decided by this appeal is whether a trial court may, on its own initiative, and within the ten days allowed by CR 52.02, amend its judgment's effective date to rectify a clerical error. We hold that it may.

The facts of this case are not in dispute. On February 19, 1985, the Pike Circuit Court entered a judgment in favor of respondent, V & V Mining Supply, Inc. for the sum of $95,039.40. Eight days later, on February 27, 1985, the trial court entered a new judgment in an attempt to correct the clerical error of failing to properly notify the parties of the original judgment. The Pike Circuit Court Docket Sheet indicated that the February 19, 1985, judgment was not served on either party until February 26, 1985, when counsel for Henry Clay inquired into the matter. At that time, the Pike Circuit Court Clerk first entered a notation of service on the docket sheet. Movant, Henry Clay Mining Company, Inc., filed post-judgment motions pursuant to CR 59.05 and CR 52.02 on March 8, 1985. In August of 1985, the circuit court entered a third judgment which reversed its earlier findings and held for Henry Clay Mining Company, Inc.. On appeal, the Court of Appeals held that the February 19, 1985, judgment was final and the motions of Henry Clay Mining Co. on March 8, 1985, were not timely, thus invalidating the circuit court's action of August 1985.

The procedures for amending judgments are set out in CR 52.02:

Rule 52.02 Amendment

Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the

judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Thus, a court has unlimited power to amend and alter its own judgments. *Pattie A. Clay Infirmary v. First Presbyterian Church*, Ky.App., 605 S.W.2d 52, 54 (1980).

Respondent contends, however, that such power must necessarily be bound by the restrictions of CR 6.02(b):

> When by statute or by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (a) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (b) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50.02, 52.02, 59.02, 59.04, 59.05, 60.02, 72.02, 73.02 and 74 except to the extent and under the conditions stated in them.

Therefore, respondent argues that whether or not there was a good excuse, the Pike Circuit Court had no power to extend the appeal time except within the conditions of CR 52.02. Furthermore, respondent maintains that amendments within this rule were not meant to include mere changes in the effective date when no substantive alterations were made to the findings of fact and conclusions of law.

■ We disagree. The change in the judgment of February 19, 1985, although not one of substance, was certainly within the bounds of CR 52.02. The judgment of February 27, 1985, was entered to rectify a clerical error. The parties were not notified of the original judgment and such notification was required to be entered to make the judgment final for the purposes of appeal. CR 58. Thus, the new judgment was a necessary alteration, and not a mere accommodation to extend the time for appeal.

In oral argument before this Court, it was agreed by counsel for movant that respondent has a right to appeal the final judgment of the circuit court to the Court of Appeals and further has the right to raise any and all issues except the one decided here. It is so ordered and we therefore hold that the judgment of the Pike Circuit Court, dated February 27, 1985, is valid and binding, and therefore movant's post-judgment motions filed within 10 days thereafter were timely, and Pike Circuit Court had jurisdiction to enter the August 27, 1985 judgment which is the final and appealable judgment from which respondent may now appeal.

The decision of the Court of Appeals is reversed.

LAMBERT, STEPHENSON, VANCE, and WINTERSHEIMER, JJ., concur.

GANT, J., dissents.

LEIBSON, J., dissents in a separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

There is no member of our Court who is more opposed than I am to hypertechnical application of procedural rules resulting in form without substance. *See:* (1) *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986), Majority Opinion; (2) *Nolph v. Scott*, Ky., 725 S.W.2d 860 (1987), Dissenting Opinion. But the present decision does not involve construing the rules wisely to promote the interests of justice. On the contrary, it involves the intentional misuse of one rule, CR 52.02, to avoid the plain language of another, CR 6.02.

CR 52.02 does not permit a court to amend its judgment to correct the date of entry. It is limited to permitting a court to "amend its findings or make additional findings and [then to] amend the judgment accordingly." This is a narrow rule for a specific purpose, which is to permit "the trial court, within the time limit prescribed, to reconsider its findings and to amend the findings." Bertelsman & Philipps, Ky. Prac., 4th ed., Civil Rule 52.02.

On the other hand, Rule 6.02, the rule specifically intended to control when a court may enlarge the time in which to perform an act otherwise required by the civil rules, expressly excludes "the time for taking any action required under ... 52.-02." Thus, CR 6.02 was intended to prevent exactly what occurred here, i.e., using the power to act provided in 52.02 to extend the time in which to make a post-judgment motion.

There are important reasons for the pattern to the rules, not the least of which is to prevent a party from proceeding *ex parte* to secure additional time in which to make a post-judgment motion, as was done in this case. However, our decision, rather than reproaching the movant for proceeding *ex parte*, rewards him for having done so.

In my view, the statement in the Majority Opinion that "a court has unlimited power to amend and alter its own judgments," is both contrary to law and a potential source for much mischief. A court has only limited power to do so to the extent provided for in the civil rules. *Pattie A. Clay Infirmary v. First Presbyterian Church*, Ky.App., 605 S.W.2d 52 (1980), cited in the Majority Opinion as authority for this proposition, does *not* stand for any such "unlimited power." On the contrary, it is a good example of a proper exercise of the limitations in CR 52.02, recognizing the court's power to correct an inconsistency between findings within the judgment and the final holding. The case stands for the proposition that when a proper motion has been made to alter or amend the judgment, timely filed, that the court then has the power of amendment provided in rule 52.-02. In the present case movant's counsel, one way or the other, got notice that judgment had been entered while there was still time to move to alter or amend it. However, instead of taking such action, he prepared a new judgment for the court to sign, which was done all without motion or notice to the opposing party. The new judgment made no new findings, but only changed the date of entry. CR 52.02 gave the court no such power, and we should not condone the fact that the rules were mis-used to accomplish the otherwise impermissible.

The movant claims that he did not learn of the entry of judgment sooner because of clerical error. CR 73.02(1)(d) provides limited relief for a party who fails to learn of the entry of judgment. Upon a showing that such failure was "excusable," the trial court may, to a limited extent, extend the time for appeal. However, the rules are so fashioned as to prevent the extension of time for either post-trial motions or appeal except as expressly provided, and there is good reason for this: the intent of the rules is to preserve objectivity and to provide finality of judgments. The present decision attacks the fabric of that system. The movant was able not only to extend the time for post-trial motions, but, with no new evidence, to persuade the court to completely reverse its findings. Thus the winning party, not the losing party, was forced to become the appellant.

If there was a clerical error in failing to advise the movant of the original entry of judgment, and if both time for post-trial motions and time for appeal had run because of this error, there might be some reason to listen sympathetically to whether there were facts excusing the failure to learn of the judgment providing a reason to examine the rules for an avenue to afford the movant some relief. However, this is not the present case.

It was the unanimous opinion of the Court of Appeals that the trial court erred, that "a circuit court may not indirectly extend the time for filing a post-judgment motion by reentering its final judgment during the ten day period in which the court retains control over the judgment." We have been presented with no reason why our Court should reach an opposite result.

GANT, J., joins in this dissent.