Jeffrey Scott COKER, Appellant,

v.

ASH TRUCKING COMPANY, INC.; Denis S. Kline, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 95–CA–2393–WC.

Court of Appeals of Kentucky.

Feb. 9, 1996.

Rodney E. Buttermore, Jr., Harlan, for Appellant.

Gayle G. Huff, Antony L. Saragas, Harlan, for Appellee Ash Trucking Company, Inc.

Before LESTER, C.J., and JOHNSTONE and WILHOIT, JJ.

WILHOIT, Judge.

This is before the Court on the appellant's motion for enlargement of time to file a petition for review of a Workers' Compensation Board decision which was rendered July 14, 1995. Civil Rule 76.25(2) provides that a petition for review of a Workers' Compensation Board decision must be filed in the Court of Appeals "[w]ithin 30 days of the date upon which the Board enters its final decision." Thirty days from July 14, 1995, the rendition date of the Board's decision, would have been August 14, as August 13, 1995, fell on a Sunday. See CR 6.01. The appellant tendered his petition by an overnight mail carrier on August 15, 1995. See CR 76.40(2).

The appellant asserts in his motion for enlargement of time that 803 KAR 25:010 Section 1(5) (1995) operates to make the 30-day period for filing a petition for review begin three days after the rendition date of the Board's decision. This regulation, effective June 15, 1995, provides as follows:

"Date of filing" means the date a pleading, motion, or other document is received by the commissioner at the Department of Workers' Claims in Frankfort, Kentucky, except final orders and opinions of administrative law judges and the Board, which shall be deemed "filed" three (3) days after the date set forth on the final order or opinion.

Prior to June 15, 1995, this regulation did not provide for a "deemed filing date." Additionally, the regulation was amended to reflect that documents are filed with the Commissioner of the Department of Workers' Claims, and not with the Board.

KRS 342.290 provides that a decision of the Workers' Compensation Board "shall be subject to review by the Court of Appeals pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Supreme Court." Additionally, 803 KAR 25:010 Section 13(14) (1995) states that the "decision of the board may be appealed to the Kentucky Court of Appeals as provided in Civil Rule 76.25." Civil Rule 76.25(2) establishes a period of 30 days from the entry of the Board's decision to file a petition for review with the Court of Appeals.

In legal parlance the "rendition" of a decision is not synonymous with the "entry" of a decision. The rendering of a decision is a judicial act, whereas the entering of a decision is a clerical act. See Hundley v. Hund-

*ley*, 303 Ky. 658, 198 S.W.2d 971 (1947); 46 Am.Jur.2d *Judgments* § 123 (1994). When and how entry of a decision is to be made is determined by the particular rules governing the forum. Depending upon those rules, even the filing of a rendered decision with the forum's clerk may not constitute entry of the decision.

Under the former rules of procedure in this jurisdiction, for example, the judgment of a circuit court, though rendered by the judge, was not entered until the clerk of the court placed the judgment in an order book. *See Ewell v. Jackson*, 129 Ky. 214, 110 S.W. 860 (1908). Under the present rules of procedure, the civil judgment of a circuit court is entered by the clerk's noting in the civil docket the receipt by him or her of a signed judgment. *See* CR 58.

Under the former version of KRS 342.285, as well as § 4935 of Carroll's Kentucky Statutes, by which judicial review of a decision of the Board was made to the circuit court rather than this court, the time for seeking such review ran from the date of rendition of the decision rather than from the date of entry. Years ago, the entry of a decision of the Board was not made at the same time as the decision was rendered although the decision was apparently filed with the clerical staff on the day of rendition. *See Carnahan Oil & Refining Co. v. Miller*, 232 Ky. 78, 22 S.W.2d 430 (1929). More recently, entry of a decision of the Board appears to have been made at the same time the decision was rendered. *See Smith v. Goodyear Tire & Rubber Co.*, Ky.App., 772 S.W.2d 640 (1989); *Rainwater v. Jasper & Jasper Mobile Homes, Inc.*, Ky.App., 810 S.W.2d 63 (1991). The procedure followed since the 1995 change in administrative regulations is unclear from the record.

Under KRS 342.230(2) the Commissioner of the Department of Workers' Claims is designated the keeper and custodian of the records of the Workers' Compensation Board. KRS 342.245 charges the Commissioner with recording all of the proceedings of the Board in books which "shall contain an entry for each case, claim, or proceeding . . . heard or passed upon . . . with the award, finding, or decisions made thereon." There does not appear to be any other statute or any regulation otherwise providing for the entry of decisions of the Board; therefore, we can only conclude that entry of a decision of the Board as contemplated by CR 76.25(2) takes place at the time the Commissioner, or a member of his clerical staff, makes the statutorily required entry into the record book "kept for that purpose." *See* KRS 342.245. We glean from an order of the Board filed at our request that since the adoption of the 1995 regulations, some, if not all, entries of its decisions are made on the deemed date of filing provided for in 803 KAR 25:010 Section 1(5). That date, as set out above, is three days after the date set forth on the final decision of the Board, which also seems to be the date of rendition of the decision.

In the present case, the record does not establish when the decision of the Board was entered. Therefore, the appellant is ORDERED to obtain and file with this court within 21 days of the date of entry of this order an appropriate document, which contains a certificate reflecting service on the parties of record, from the Commissioner certifying the date of entry of that decision.

All concur.