**Teresa STATON, Appellant,**

v.

**POLY WEAVE BAG CO., INC./POLY WEAVE PACKAGING, INC.; William O. Windchy, Acting Director of Special Fund; James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 96–SC–60–WC.**

Supreme Court of Kentucky.

Aug. 29, 1996.

John S. Sowards, Jr., Wilson & Stanley, Lexington, for appellant.

James Gordon Fogle, William A. Miller, Sr., Judson F. Devlin, Ferreri & Fogle, Louisville, for appellee Poly Weave etc.

Judith K. Bartholomew, Labor Cabinet, Special Fund, Louisville, for appellee Windchy.

## OPINION AND ORDER

This appeal concerns a procedural issue: whether claimant's petition for review in the Court of Appeals was timely filed. CR 76.25(2).

The underlying claim for workers' compensation benefits was denied by the Administrative Law Judge (ALJ), and claimant appealed to the Workers' Compensation Board (Board). After reviewing the evidence, the Board concluded that a decision in claimant's favor was not compelled. Accordingly, the decision of the ALJ was affirmed in an opinion which was rendered by the Board on September 15, 1995. Claimant appealed.

Claimant's petition for review pursuant to CR 76.25 was received by the Court of Appeals on October 18, 1995, and returned as untimely. On October 24, 1995, the petition was tendered with a motion for an enlargement of time in which to file. However, the Court denied an enlargement of time and dismissed the appeal as untimely filed, based on its determination that the event from which the time for filing a petition for review runs is the date upon which the Board's opinion is rendered, not the date upon which the opinion is filed with the Department of Workers' Claims. Since October 15, 1995, was a Sunday, the Court concluded that the last date for filing a timely petition for review was October 16, 1995. Claimant appeals.

Workers' compensation is a creature of statute. Therefore, a review of the relevant provisions is in order. KRS 342.215(1), as amended in 1994, provides that the Board shall rule on an appeal from a decision of an ALJ within 60 days of the filing of the last brief, and KRS 342.285(3) provides that the Board shall "enter" its decision within 30 days from final submission. Furthermore, KRS 342.290 provides that decisions of the Board are subject to review by the Court of

Appeals "pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Supreme Court." KRS 342.230(2) designates the Department of Workers' Claims as the keeper and custodian of the records of the Workers' Compensation Board, and KRS 342.245 charges the Commissioner of the Department of Workers' Claims with recording all of the proceedings of the Board in books which "shall contain an entry for each case, claim, or proceeding ... heard or passed upon ... with the award, finding, or decisions made thereon."

In accordance with KRS 342.290, the Supreme Court has adopted CR 76.25 to set forth a procedure governing the review of the Board's decisions by the Court of Appeals. CR 76.25(2) permits the filing of a petition for review in the Court of Appeals within 30 days of the date upon which the Board "enters" its final decision. Like KRS 342.285(3), it does not refer to the date upon which the opinion is rendered by the Board or the date upon which it is filed. CR 76.25(2) also provides that failure to file a petition for review within the designated time shall require its dismissal. CR 76.25(4)(b) provides that a petition for review by the Court of Appeals shall state the date of "entry" of the decision of the Board.

■ It is apparent that KRS 342.285(3) and CR 76.25(2) both refer to the "entry" of the Board's decision. It has long been established that, regardless of when a judgment or order is rendered, it is the notation of the judgment or order in the docket by the clerk which constitutes "entry" of the document, and the document is not effective until after it has been entered by being noted in the docket. CR 58(1); *See also Bartlett v. Commonwealth*, Ky., 418 S.W.2d 225 (1967). CR 58(1) also provides that it is the additional notation required by CR 77.04(2), which is made when the parties are served with notice that the judgment has been entered in the docket, which governs the running of time for appeal under CR 73.02. We have been presented with no reason why these principles should not apply in workers' compensation cases.

In 1995, 803 KAR 25:010, § 1(5) was promulgated by the Department of Workers'

Claims pursuant to KRS 342.260. The regulation provides that documents are deemed to be "filed" as of three days "after the date set forth on the final order or opinion." In *Coker v. Ash Trucking Co., Inc.*, Ky.App., 917 S.W.2d 183, 184 (1996), the Court of Appeals addressed the effect of 803 KAR 25:010, § 1(5) on the issue of what constitutes the "entry" of a decision of the Board for the purposes of CR 76.25(2). The appellant had asserted that the regulation caused the 30–day period for filing a petition for review to begin on the deemed filing date, three days after the opinion was rendered. Therefore, the case had been remanded to the Board for an explanation of its procedure concerning the terms "file" and "enter." In reviewing the Board's response, the Court of Appeals noted that, in legal parlance, the terms "rendition" and "entry" are not synonymous, the first being a judicial act and the second a clerical act. The Court also noted that, depending upon the internal practice of the Board and the Department of Workers' Claims, the "filing" of a rendered decision with the Department of Workers' Claims might or might not constitute entry of the decision. The Board's response indicated to the Court that some, if not all, entries of decisions are made three days after the date which is set forth on the final decision as the rendition date. However, the record did not contain the date upon which the decision of the Board in the particular case being considered was "entered." Therefore, the appellant was ordered to obtain and file with the Court "an appropriate document which contains a certificate reflecting service on the parties of record, from the Commissioner certifying the date of entry of that decision."

■ By contrast, in the case presently before the Court, a different panel of the Court of Appeals determined that the date of rendition of a final decision by the Board constituted the date of entry of its decision. Such a rule ignores the legal definition of the terms. It also plays havoc with the principles that a judgment becomes effective only when it is entered in the docket and that the time for taking an appeal runs from the date of the docket notation which indicates the parties were served with notice that the

judgment was entered in the docket. CR 58(1).

We conclude that 803 KAR 25:010, § 1(5), which refers to the date for filing the opinion of the Board, is not material to the issue at hand. As we have stated, workers' compensation is a statutory creation. KRS 342.285(3) and CR 76.25(2) require "entry," not "filing," of the opinion of the Board. The terms are not synonymous. KRS 342.290 explicitly provides that an appeal of a decision of the Board is to be made pursuant to the rules adopted by this Court. As used in the *Kentucky Rules of Court,* the word "entry" is a term of art which refers specifically to a notation in the docket.

In the instant case, there is no indication whatever that the Board's decision was noted in the docket on the date of rendition. Furthermore, *Coker* states that most of the Board's opinions are noted in the docket on the deemed filing date, some three days after they are rendered. Therefore, under current practice and contrary to the decision of the Court of Appeals in the instant case, it cannot be assumed that the rendition date of an opinion is the date upon which the decision was noted in the docket or the date upon which the parties were served with notice that the decision was entered.

We observe that 803 KAR 25:010, § 1(5) evidences a need for a period of time between the date on which the Board renders its opinion and the date on which the Department of Workers' Claims makes the relevant docket notation. If such a need, in fact, exists, nothing would prevent the Board and the Department of Workers' Claims from adopting a policy which results in the decision actually being noted in the docket and the parties actually being served with notice of the entry on the date the Board's opinion is "filed." *See* CR 58(1); CR 77.04(2).

In the instant case, as in *Coker,* the record does not indicate when the decision of the Board was entered. Accordingly, the appellant is ordered to obtain and file with the Court of Appeals, within 21 days of the date of the entry of this order, a document containing a certificate which reflects the date upon which the decision of the Board was entered and the date upon which the parties were served with notice of the decision.

The decision of the Court of Appeals is hereby reversed, and the case is hereby remanded to the Court of Appeals for further proceedings which are consistent with this opinion.

All concur.

ENTERED: August 29, 1996

/s/ ROBERT F. STEPHENS
Chief Justice