Tina CHARLES, Appellant,

v.

APPALACHIAN REGIONAL HEALTH-CARE; John B. Coleman, Administrative Law Judge; and The Workers' Compensation Board, Appellees.

No. 2000–CA–001787–WC.

Court of Appeals of Kentucky.

Oct. 19, 2001.

James P. Pruitt, Jr., Pruitt & de Bourbon Law Firm, Pikeville, KY., for Appellant.

Sherri P. Brown, Ferreri & Fogle, Lexington, KY., for Appellee Appalachian Regional Healthcare.

Before JOHNSON, KNOPF, and MILLER, Judges.

OPINION

KNOPF, Judge:

Tina Charles appeals from an opinion and order of the Workers' Compensation Board, entered June 30, 2000, affirming the dismissal of her request for a *de novo* benefit-review hearing. The Administrative Law Judge (ALJ) to whom Charles submitted her request ruled that she had filed the request too late. Charles contends that this ruling was erroneous because it did not adequately take into ac-

30. *Id.*

count the fact that the arbitrator who first reviewed her claim never properly rendered a decision. We agree with Charles and therefore reverse and remand.

Alleging that she had suffered a workplace injury in January 1999, Charles filed her claim for medical and disability benefits the following August. Pursuant to the statutes and regulations then in effect, the claim was initially assigned to an arbitrator. On December 13, 1999, counsel for Charles received in the mail, apparently from the Department for Workers' Claims, a purported benefit review determination awarding Charles medical benefits but denying her claim for income benefits. The document recited that it was both rendered and served December 1, 1999. The spaces intended for the arbitrator's signature, however, both the one concluding the order and the one concluding the certificate of service, were blank. On January 5, 2000, counsel asked the Department about the status of Charles's claim. He was told that the unsigned order had been entered on December 6, 1999.[1] That same day, January 5, 2000, counsel hastily prepared and mailed a motion for *de novo* review. The Department received the motion on January 7, 2000. Since the motion was filed more than thirty days after entry of the order under challenge, the ALJ dismissed the motion as untimely.[2] Affirming the ALJ's decision, the Board commented that, by failing to raise the issue until the appeal period had expired, Charles had waived any objection to the order's lack of signature. It is from this decision that Charles has appealed.

We do not quarrel with the Board's observations that the time limits for bringing workers' compensation appeals are to be strictly applied and that Charles's counsel would have been well advised to make prompter inquiry into the effect of the unsigned order. We are persuaded, however, that the arbitrator's failure to sign his order cannot be as lightly disregarded as it was by the Board. It is true, as the Board noted, that neither KRS Chapter 342, the Workers' Compensation Act, nor the regulations promulgated thereunder includes an express counterpart to CR 58, which provides that "[b]efore a judgment or order may be entered ... it shall be signed by the judge." Nevertheless, in its role as arbiter of workers' claims, the Department is a tribunal of record.[3] Implicit in that notion, we believe, are the requirements made explicit in CR 58 and discussed in *Staton v. Poly Weave Bag Company, Inc.*[4] As our Supreme Court there observed, "in legal parlance, the terms 'rendition' and 'entry' are not synonymous, the first being a judicial act and the second a clerical act."[5] Both acts are necessary to the creation of an appealable order.[6] Confusing them, as the *Staton* court further noted,

plays havoc with the principles that a judgment becomes effective only when it is entered in the docket and that the time for taking an appeal runs from the date of the docket notation which indicates the parties were served with notice that the judgment was entered in the

---

1. There is no dispute that the order actually submitted to the Commissioner, as well as the copy forwarded to Charles, was not signed.

2. *See* KRS 342.275 (1996) and 803 KAR 25:010 § 12 (1999).

3. KRS 342.245.

4. Ky., 930 S.W.2d 397 (1996).

5. *Id.* at 398.

6. *Commonwealth of Kentucky, Transportation Cabinet v. City of Campbellsville*, Ky.App., 740 S.W.2d 162 (1987).

docket. CR 58(1).[7]

■ It is manifest, we believe, that "entry," the clerical act, cannot precede or supply "rendition," the judicial act. We also believe that rendition requires a clear indication on the face of the record that the duly authorized decision maker adopts as his or her own the decision purportedly entered on his or her behalf.[8] It may be that something other than a signature could supply that clear indication. A signature stamp sometimes suffices, for example, and as we come increasingly to rely upon electronic documents as opposed to paper ones, we will certainly need to adopt some new method of authentication. In the meantime, however, as the Board noted, a signature is the standard method. It was clearly the method contemplated here. The arbitrator's having failed to sign his order, therefore, means that it was not rendered. Not having been rendered, the order could not be entered; and not having been entered, it did not set running the period for Charles's appeal. The Board's conclusion to the contrary was erroneous. Accordingly, we reverse the June 30, 2000, order of the Workers' Compensation Board and remand for entry of a properly rendered benefit-review decision and due consideration of Charles's petition for *de novo* review.

ALL CONCUR.

---

7. *Staton, supra*, 930 S.W.2d at 398–99.

8. *Allen v. Walter*, Ky., 534 S.W.2d 453 (1976); *Yocom v. Hamilton*, Ky., 494 S.W.2d 731 (1973).