RENDERED:  DECEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0322-MR

JAMES MAXIE                                                                                  APPELLANT


APPEAL FROM MCCRACKEN CIRCUIT COURT
v.            HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 00-CR-00256


COMMONWEALTH OF KENTUCKY                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

KAREM, JUDGE:  James Maxie, *pro se*, appeals from the McCracken Circuit

Court's order vacating its previous order expunging several of Maxie's prior

criminal convictions pursuant to Kentucky Revised Statutes (KRS) 431.073.

Maxie contends that the circuit court was without jurisdiction to enter the order and

improperly relied on *ex parte* communications from the Department of Corrections

(DOC) in vacating the order of expungement. Because the circuit court retained jurisdiction to vacate its prior order and its decision to do so was based upon evidence already in the record, we affirm.

## BACKGROUND

On November 11, 2022, Maxie filed an application and a petition to expunge his past convictions for tampering with physical evidence and first-degree trafficking in a controlled substance (cocaine). He attached an expungement eligibility certification notice compiled by the Administrative Office of the Courts and the Kentucky State Police, which contains a list of Maxie's charges, their disposition, and whether they were eligible for expungement. On January 23, the Commonwealth filed a response stating it had no objection to the expungement.

A brief hearing on Maxie's application was conducted on February 3, 2023. The circuit court noted that there was no objection to the expungement from the Commonwealth and told Maxie it would grant his petition. At Maxie's request, the court stated that it would sign the expungement order that day. The actual written order granting the application to vacate and expunge the convictions was entered on February 13, 2023.[1]

---

[1] In addition to expunging Maxie's convictions for tampering with physical evidence and first-degree trafficking in a controlled substance, the order also expunged a persistent felony offender charge.

On February 22, 2023, the circuit court on its own motion vacated the order, upon notice from the DOC that Maxie had incurred new charges within the past five years and was consequently disqualified from expungement under the terms of the statute. Maxie filed a motion to reconsider, and the circuit court conducted a hearing at which Maxie's wife appeared on his behalf. The circuit judge explained that he had not been aware at the time he granted the expungement that Maxie was incarcerated for a probation violation related to the underlying charges he was seeking to expunge. The court held that the charges could not be expunged as a matter of law and denied the motion to reconsider. This appeal by Maxie followed.

## **ANALYSIS**

KRS 431.073 provides that a person may have certain Class D felony convictions vacated and the records expunged upon application to the court in which he or she was convicted. KRS 431.073(1). The application to have the judgment vacated "shall be filed no sooner than five (5) years after the completion of the person's sentence, or five (5) years after the successful completion of the person's probation or parole, whichever occurs later." KRS 431.073(2)(a). The court may order the expungement only upon finding that: "[t]he person had not in the five (5) years prior to the filing of the application to have the judgment vacated been convicted of a felony or a misdemeanor; [and] [n]o proceeding concerning a

felony or misdemeanor is pending or being instituted against the person[.]" KRS 431.073(5)(a) and (b).

Maxie argues that because more than ten days passed after the hearing at which the circuit court informed him it would grant the expungement, the court was without jurisdiction to enter the order vacating the expungement.

A circuit court retains jurisdiction over its judgments for ten days after their entry.

> Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Kentucky Rules of Civil Procedure (CR) 52.02.

Within that ten-day period, "a court has unlimited power to amend and alter its own judgments." *Henry Clay Mining Co., Inc. v. V & V Mining Co., Inc.*, 742 S.W.2d 566, 567 (Ky. 1987) (citation omitted). "Generally speaking, a trial court lacks power to amend a judgment ten days after the entry of that judgment." *Winstead v. Commonwealth*, 327 S.W.3d 479, 485-86 (Ky. 2010).

The circuit court's statement to Maxie at the hearing, that the expungement order would be signed that day, did not constitute the "entry of a judgment" because "the circuit court . . . speaks only through written orders

entered upon the official record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010) (citations omitted).

Entry of a judgment occurs when the court clerk notes the written order in the docket. CR 58(1). "The notation shall constitute the entry of the judgment or order, which shall become effective at the time of such notation[.]" CR 58(1). "It has long been established that, regardless of when a judgment or order is rendered, it is the notation of the judgment or order in the docket by the clerk which constitutes 'entry' of the document, and the document is not effective until after it has been entered by being noted in the docket." *Staton v. Poly Weave Bag Co., Incorporated/Poly Weave Packaging, Inc.*, 930 S.W.2d 397, 398 (Ky. 1996) (citations omitted).

The circuit court's order vacating the expungement was entered by the clerk on February 22, 2023, nine days after the entry of the written order of expungement on February 13, 2023. The circuit court vacated its prior order within ten days of its entry and therefore had jurisdiction to alter and amend the judgment.

Maxie further argues that the trial court improperly relied on *ex parte* communications from the DOC in determining that he had incurred new charges in the past five years.

> An "*ex parte* communication" is defined as "[a] generally prohibited communication between counsel and the court

> when opposing counsel is not present." BLACK'S LAW
> DICTIONARY 597 (7th ed.). When used as an adjective,
> the phrase "*ex parte*" is defined as being "[d]one or made
> at the instance and for the benefit of one party only, and
> without notice to, or argument by, any person adversely
> interested[.]" *Id.*

*Commonwealth v. Cambron*, 546 S.W.3d 556, 560 (Ky. App. 2018).

As noted above, the statute specifically prohibits the expungement of a charge if the applicant has been convicted of a felony or a misdemeanor in the five years preceding the filing of the application or if a felony or misdemeanor is pending or being instituted against the person. KRS 431.073(5)(a) and (b). The expungement eligibility certification notice Maxie filed with his petition showed he had been convicted of charges in the five years preceding the filing of his application. Therefore, the information the DOC drew to the circuit court's attention was already in the court record, placed there by Maxie himself. Maxie had notice of the information and consequently it does not meet the definition of an *ex parte* communication.

Furthermore, as the Commonwealth points out and the circuit court stated at the hearing on the motion to reconsider, Maxie was incarcerated at the time of the evidentiary hearing under the same indictment number as the felonies he was seeking to expunge, which rendered him ineligible for expungement under KRS 431.073(2)(a), which permits an application for expungement no sooner than five years after the successful completion of the person's probation or parole.

"Like parole, expungement is not a *right* but a statutory *privilege* – a privilege the General Assembly has no obligation to provide at all and which it may therefore provide subject to conditions that our Courts are not at liberty to ignore." *Fisher v. Commonwealth*, 599 S.W.3d 890, 893 (Ky. App. 2020). "Expungement is a privilege granted by statute, the express limits of which cannot be extended by judicial *fiat.*" *Id*. (quoting *Alexander v. Commonwealth*, 556 S.W.3d 6, 9 (Ky. App. 2018)).

The circuit court was simply not at liberty to ignore the fact that Maxie's record did not meet the statutory conditions for expungement. The circuit court's decision to vacate its judgment is reviewed for an abuse of discretion. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 579 (Ky. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). The circuit court did not abuse its discretion in vacating its prior order upon discovering that Maxie's record was ineligible for expungement. As a matter of law, it could not extend the privilege of expungement to Maxie by judicial *fiat*.

## CONCLUSION

For the foregoing reasons, the McCracken Circuit Court's order vacating expungement is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

James Maxie, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky