**PB & S CHEMICAL COMPANY, and Liberty Mutual Insurance Company, Appellants,**

v.

**Randall R. EASTWOOD, and Workers' Compensation Board, Appellees.**

**No. 87–CA–1082–MR.**

Court of Appeals of Kentucky.

Sept. 18, 1987.

Robert G. Hunt, Henderson, for appellants.

Harry R. Hinton, Madisonville, for appellees.

Before DYCHE, HAYES and LESTER, JJ.

DYCHE, Judge.

Appellee, Randall R. Eastwood, filed a motion to dismiss because the appellants did not timely file a prehearing statement. Appellants responded that counsel was misled by failure of the Clerk of the Court of Appeals to send him a form for the prehearing statement.

Because there is apparently some confusion regarding where to obtain prehearing statement forms and whose responsibility it is to be sure a form is received for timely filing, this opinion and order will be published to clarify any misunderstanding on the part of the members of the Bar.

CR 76.14(3) provides as follows:

(3) Within 14 days after filing of the notice of appeal or notice of cross-appeal in the circuit court, each appellant and cross-appellant shall file with the Clerk of the Court of Appeals, with service on all other parties, a prehearing statement, on a form to be supplied by the clerk of the circuit court at the time the notice of appeal is filed. . . .

Although the circuit court clerks have been directed to supply prehearing statement forms when a notice of appeal is filed, it is the responsibility of the appellant's attorney or of appellant (if pro se) to ensure that a prehearing statement form is obtained. The form may be obtained from the circuit court clerk or from the Clerk of the Court of Appeals. Although the Clerk of the Court of Appeals routinely mailed out prehearing statement forms when CR 76.14 was first enacted, the Court no longer mails a form when a notice of appeal is received.

It is the responsibility of appellant or his counsel to ensure that a completed prehearing conference statement is timely filed in accordance with CR 76.14(3). Failure of the clerk to hand counsel a form is not an acceptable excuse for failure to perform counsel's responsibility.

This Court has considered the appellee's motion to dismiss and the response thereto, and being otherwise sufficiently advised, ORDERS that the motion be, and it is hereby, DENIED. The appellants' motion for an enlargement to file their prehearing statement is GRANTED, and the

tendered prehearing statement is OR-DERED FILED on the date of entry of this order.

 The appellants' prehearing statement was due on or before May 29, 1987. The appellee's motion to dismiss was filed July 20, 1987, and the appellants' response which requested an enlargement was filed July 21, 1987, fifty-three (53) days after the prehearing statement was due. This Court believes that imposition of a sanction against appellants' attorney pursuant to CR 73.02(2)(c) is appropriate.

The Honorable ROBERT G. HUNT is hereby given fifteen (15) days from the date of entry of this order to SHOW CAUSE why sanctions should not be imposed for failure to timely perform a required step in appellate practice.

All concur.