Sharon Smotherman CROSSLEY, as Guardian for Jon Tyler Smotherman, a Minor, Joe L. Smotherman, Jr., and Teresa L. Smotherman, Appellants,

v.

ANHEUSER–BUSCH, INC., Appellee.

No. 87–SC–770–DG.

Supreme Court of Kentucky.

March 31, 1988.

David A. Lanphear, Kurt W. Maier, Bowling Green, for appellants.

Roy Kimberly Snell, Louisville, for appellee.

LAMBERT, Justice.

The issue in this case is whether the Court of Appeals abused its discretion in dismissing appellants' appeal for failure to properly file a prehearing statement as required by CR 76.14. We granted discretionary review to examine the issue presented in light of our decision in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986), and the decision of the Court of Appeals in *PB & S Chemical Co. v. Eastwood*, Ky. App., 736 S.W.2d 359 (1987).

After filing their Notice of Appeal, and within the time allowed, appellants filed a prehearing statement. Contrary to CR 76.-14(3), however, the prehearing statement was filed with the clerk of the circuit court, not the clerk of the Court of Appeals. Within a few days, appellee filed a supplemental prehearing statement, also with the clerk of the trial court. Thereafter, for the next three and a half months, neither appellants nor appellee took any action with regard to the case and the record reveals no communication from the court to the

parties regarding the prehearing statement.

On August 13, 1987, an order was issued by the Court of Appeals which recited that appellants' prehearing statement was due on April 30, 1987; that same had not been filed or tendered; that dismissal was authorized by the Rules, and on its own motion, ordered dismissal of the appeal. In response to the order of dismissal, appellants moved the Court for reconsideration but their motion was denied. Notably absent from the orders of the Court of Appeals was any indication of its reason for imposing the most severe sanction allowed by the Rules.

Appellants contend that dismissal is an inappropriate sanction for their violation of CR 76.14(3). For this contention, they rely on our decision in *Ready v. Jamison, supra*, in which we abandoned our policy of strict compliance with the rules of appellate procedure in favor of a policy of substantial compliance as authorized by CR 73.02(2). Appellee responds that notwithstanding *Ready*, CR 76.14(12) vests discretion in the Court of Appeals to determine what sanction is appropriate; that this Court may not substitute its judgment for that of the Court of Appeals; and that unless the action of the Court of Appeals constitutes an abuse of discretion or is clearly erroneous, such is final.

■ In *Ready v. Jamison, supra*, this Court adopted a policy in which dismissal is a disfavored remedy for violation of the civil rules relating to appellate procedure. Noting that our former policy of "automatic dismissal" was in conflict with the rule applied in the majority of state courts and the Federal courts, we sought to make the sanction imposed comensurate with the harm caused by the violation. To this end, we imposed upon the appellate court in which the case is pending the duty to decide the appropriate sanction on a case-by-case basis and exercise its discretion only after considering the seriousness of the defect. We identified three objectives which we sought to further:

... [A]chieving an orderly appellate process, deciding cases on the merits, and

seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal. *Ready, supra,* at 482. Therefore, the discretion of an appellate court to determine what sanction to impose is not unrestricted, but must be measured against the objectives we have identified. The Court must attempt to balance the harm caused against the objectives sought to be promoted to arrive at an appropriate sanction. With this in mind, we consider the significance of the error and whether dismissal was justified in the case at bar.

■ Appellants' act of misfiling their prehearing statement resulted in a disruption of the appellate process. For three and a half months, no progress was made toward resolving the case on the merits and dismissal of the appeal and denial of reconsideration required otherwise unnecessary judicial action. Nevertheless, we can ascertain no harm to appellee as a result of appellants' error. The prehearing statement was served upon appellee who then prepared and filed (also in the wrong office) a supplemental prehearing statement. If we allow the decision of the Court of Appeals to stand, the objective of promoting an orderly appellate process may be served, but the other objectives of appellate practice will be totally defeated: The case will not be decided on the merits, and appellants will lose their constitutional right of appeal. We conclude, therefore, that the Court of Appeals abused its discretion in dismissing the appeal.

Additional support for our view is found in *PB & S Chemical Co. v. Eastwood, supra,* a case factually similar to the case at bar, in which the Court of Appeals acknowledged the existence of some confusion as to where prehearing statement forms could be obtained. After reiterating the duty of counsel to prepare and file a prehearing statement, an enlargement of time was granted and the tendered prehearing statement ordered filed. The approach taken in *PB & S Chemical Co.* is consistent with *Ready* and we believe it is sound.

For the foregoing reasons, the order of dismissal is reversed. This cause is re-

manded to the Court of Appeals with directions to reinstate the appeal and take such further action, not inconsistent with this opinion, as may be appropriate.

All concur except VANCE, J., not sitting.