**Thomas BRIDEWELL and Juanita Bridewell, Appellants,**

v.

**CITY OF DAYTON, Kentucky, ex rel. URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF DAYTON, Kentucky, Appellee.**

No. 88–CA–90–S.

Court of Appeals of Kentucky.

Dec. 22, 1988.

Timothy L. Nolan, Newport, for appellants.

Scott D. McMurray, Newport, for appellee.

Before HOWARD, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

This is a condemnation action filed on March 6, 1987, by the city of Dayton, Ken-

tucky, on behalf of that city's Urban Renewal and Community Development Agency (hereinafter Urban Renewal) to acquire real estate belonging to the appellants, Thomas and Juanita Bridewell. The property was valued by the appointed commissioners at $12,500. The appellants initially challenged the city's right to condemn the property but, in an amended answer, took exception to only the award made by the commissioners. An interlocutory order was entered on June 23, 1987, entitling Urban Renewal to condemn the property and allowing it to take possession of the property. The Bridewells did not immediately vacate the premises, causing Urban Renewal to commence eviction proceedings. On August 4, the city obtained a warrant for possession; the appellants then vacated the premises and the building on the land was razed.

On September 10, 1987, the city served interrogatories on the appellants' counsel. When these weren't answered within 30 days, the appellee moved the court pursuant to Civil Rule 96 to strike the Bridewells' exception to the commissioners' report. In response the appellants submitted the affidavit of the appraiser they had hired to appraise their property which contained his reasons for being unable to complete the work timely, his appraisal,[1] the affidavit of their attorney setting forth the difficulty he had in obtaining an appraiser, and the answers to the interrogatories.

After a hearing the trial court granted the motion to strike the appellants' exception. In so doing the court found as follows:

> The record in this case discloses a continuing effort by the defendants to delay the work of the Urban Renewal and Community Development Agency of the City of Dayton, Kentucky. There is nothing to indicate that the problems, if any, encountered by the defendants in securing an appraisal were of such a nature as to make it impossible to otherwise proceed, either by securing another appraiser or at the very least attempting

to secure an extension of time within which to comply.

The record in this case is not extensive. We did not find any evidence to support the finding of the trial court that the Bridewells attempted to "delay" the work of Urban Renewal, and certainly no evidence of a "continuing effort." The only possible event this finding could be premised on was the appellants' failure to immediately vacate their residence when ordered. However, there is nothing in the record which explains why the Bridewells did not immediately leave. Certainly there is no evidence that the Bridewells intentionally sought to hinder the appellee's project. Even if such evidence was available, at the time sanctions were sought the city had been in possession of the property for some time and its work thereon was not in any jeopardy because of the appellants' tardiness in answering the interrogatories.

The Bridewells argue that the court's dismissal of the case for interrogatories filed approximately four weeks late constitutes an abuse of discretion. We agree. CR 96 provides that a trial judge "may impose as appropriate any of the sanctions specified in Rule 37.02, in the same manner as if an order of the court had been violated." However, the ultimate sanction of dismissal of one's claim for a discovery violation under CR 37.02 "is justified only in certain rare circumstances, and ... should be imposed only when those circumstances warrant such a severe sanction." *Nowicke v. Central Bank & Trust Co.*, Ky.App., 551 S.W.2d 809, 810 (1977). Dismissal as a sanction under Rule 37 (or Rule 96) should be applied only as a last resort. In *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984), the following standard for the federal counterpart to our rule, Federal Rules of Civil Procedure 37(b) was applied:

> A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of the sanctioned party's *willfulness, bad faith or fault in failing to comply with a discovery order*. Thus, it is well established that a party's simple

---

1. The appellants' appraiser valued the property at $28,000.

negligence or other action grounded in misunderstanding of a discovery order does not justify the "use of the Draconian remedy of dismissal." [citations omitted and emphasis added]

Our Supreme Court, in a case concerning sanctions for violations of those rules pertaining to appellate procedure, held that "the sanction imposed should bear some reasonable relationship to the seriousness of the defect." *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986). *See also Crossley v. Anheuser-Busch, Inc.*, Ky., 747 S.W.2d 600 (1988). With this principle in mind, it is clear that the trial court abused its discretion in its disposition of this case. At the time sanctions were sought, the city's objective in the condemnation suit had been achieved. The only issue remaining was the amount of compensation the Bridewells were entitled to receive. The city demonstrated no harm at all due to the tardy interrogatories and presented no evidence to contradict that of the appellants concerning their difficulty in getting the expert testimony needed to comply with the discovery request. While it would have behooved the appellants' counsel to move for an extension of time to supply the discovery, this failure does not constitute the bad faith or willfulness necessary to deprive his clients of their day in court.

The judgment of the Campbell Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.