RENDERED: OCTOBER 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0527-DG
2021-SC-0223-DG

COMMONWEALTH OF KENTUCKY          APPELLANT/CROSS-APPELLEE

ON REVIEW FROM COURT OF APPEALS
V.          NO. 2019-CA-1360
BOONE CIRCUIT COURT NO. 19-CR-00292

JAMES NEAL HENSLEY          APPELLEE/CROSS-APPELLANT

**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>REVERSING</u>**

Under both the federal and state constitutions, criminal defendants have a right to a speedy trial. Our jurisprudence has adopted a four-factor test to determine whether the right to a speedy trial has been violated, the first and most important factor being the length of the delay. The primary issue we decide in this case is whether the Court of Appeals erred in affirming the Boone Circuit Court's dismissal with prejudice of the indictment against James Neal Hensley, which dismissal occurred a mere six months and twenty-three days following Hensley's arrest for first-degree possession of a controlled substance (third or greater offense) and possession of drug paraphernalia. We hold that the Court of Appeals, and by extension the Boone Circuit Court, did err. We

therefore vacate those decisions and remand this matter to the Boone Circuit Court for further proceedings.

## I.    Factual and Procedural Background.

Hensley was arrested on January 30, 2019, after police officers found heroin residue and drug paraphernalia in the hotel room where Hensley was staying.  On April 2 of that year, Hensley was indicted for first-degree possession of a controlled substance and possession of drug paraphernalia. Hensley was arraigned on April 17.  At that time defense counsel requested a pre-trial conference four weeks after the arraignment date.

Between the date of Hensley's arraignment and the pre-trial conference— May 6—the Commonwealth submitted the suspected heroin residue found in Hensley's hotel room to the state laboratory for testing.  When the pre-trial conference occurred on May 22 the Commonwealth informed defense counsel and the trial judge that it had not yet received results from the laboratory.  The trial judge asked if parties wanted to set a trial date.  The Commonwealth felt a trial date was unnecessary at that point but deferred to defense counsel who suggested the case be set for a status conference in one month.

On June 19 the parties appeared for the status conference.  During that conference, Hensley invoked his right to a speedy trial and asked the court to set a trial date.  Trial was set for August 26, 2019 and Hensley indicated he would oppose any attempt to continue the trial.  The Commonwealth informed the court of its understanding the state laboratory had a backlog of samples to test and that results would likely not be available for three to four months.

2

Because this meant lab results may not be ready in time for trial, the Commonwealth requested a September trial date at the earliest. The trial court elected to stay with the August 26 date.

The trial court held the final status conference on Aug 21, 2019, five days prior to the scheduled trial. The Commonwealth requested a continuance at that time citing the lack of test results from the state laboratory, which the Commonwealth stated at that time needed to be finalized by the lab; and the unavailability of one of its witnesses, an officer involved in the hotel-room search who was attending a twelve-week training program with the Secret Service at the time of trial. True to his statement at the June 19 conference, counsel for Hensley's counsel opposed the continuance, citing his lack of access to the laboratory test results and the Commonwealth's failure to realize the witness's unavailability prior to the conference.

In a written order dated August 22, 2019,[1] the trial court denied the Commonwealth's motion for a continuance and further found that the delay in trying the case had injured Hensley's right to a speedy trial. The trial judge accordingly dismissed the case against Hensley with prejudice. The trial court's Order focused on the delay between the date of Hensley's arrest and the date the hotel room evidence was submitted to the state lab, finding such delay unacceptable in Hensley's relatively straight-forward case.

---

[1] The trial court's Order was entered the following day, on August 23.

3

A panel for the Court of Appeals found no abuse of discretion upon its review and affirmed the trial court's decision. The panel noted that although the trial court did not explicitly undertake the multiple-factor analysis called for by *Snodgrass v. Commonwealth,* 814 S.W.2d 579 (Ky. 1991), such an analysis could be inferred from the language of the Order. The panel agreed Hensley's speedy-trial rights had been violated by the Commonwealth's failure to expeditiously submit the samples for testing and that Hensley would be prejudiced by additional delays because it would deprive his counsel of sufficient time to review the lab results when they were finally provided to him.

Before the Court of Appeals, Hensley also argued that the brief submitted by the Commonwealth violated the rules of appellate procedure. Hensley sought to have the Commonwealth's brief struck and its appeal dismissed. The Court of Appeals ultimately did not directly address this argument in its opinion, resolving the question before them solely on the speedy trial issue.

We granted the Commonwealth's motion for discretionary review as well as Hensley's cross-motion for discretionary review.

## II. Analysis.

Two primary issues are presented upon appeal: (1) the Commonwealth's contention that the trial court erred in dismissing with prejudice the case against Hensley for violation of Hensley's speedy trial rights; and (2) Hensley's argument that the Commonwealth's brief before the Court of Appeals was procedurally deficient and should have been stricken. We address each argument in turn.

4

### A. Hensley's Right to a Speedy Trial.

The right to a speedy trial is protected by Section 11 of the Kentucky Constitution and by the Sixth Amendment to the United States Constitution. *Goben v. Commonwealth*, 503 S.W.3d 890, 903 (Ky. 2016). Because of the variety of ways a trial can be delayed, the Supreme Court has said "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Barker v. Wingo*, 407 U.S. 514, 522 (1972). "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers v. Haubert*, 198 U.S. 77, 87 (1905).

When assessing whether a defendant's right to a speedy trial has been violated the Supreme Court has set forth, and we have adopted, a balancing test comprising four factors: (1) the length of delay; (2) the reason the government provides for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant caused by the delay. *Barker*, 407 U.S. at 530-31; *Goben*, 503 S.W.3d at 903; *Johnson v. Commonwealth*, 514 S.W.2d 115 (Ky. 1974). Because the trial court ruled on the question of Hensley's speedy-trial rights, "we employ a dual standard of review: *de novo* for legal questions and clear error for questions of fact." *Goben*, 503 S.W.3d at 903 (citing *United States v. Young*, 657 F.3d 408, 413–14 (6th Cir. 2011)).

A defendant's right to a speedy trial is effective "from arrest or indictment through conviction." *Betterman v. Montana*, 578 U.S. 437, 441 (2016); *see also*

5

*Dunaway v. Commonwealth*, 60 S.W.3d 563, 569 (Ky. 2001) (holding "[t]he [first] element, length of the delay, is the time between the earlier of the arrest or the indictment and the time the trial begins.") (citing *Dillingham v. United States*, 423 U.S. 64 (1975)). A determination that this period was presumptively prejudicial acts as a triggering mechanism for the remainder of the analysis. *Barker*, 407 U.S. at 530; *Dunaway*, 60 S.W.3d at 569. We do not consider any set time period to be presumptively prejudicial. *Soto v. Commonwealth*, 139 S.W.3d 827, 843 (Ky. 2004). "Instead, 'the length of the delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. . . . [T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.'" *Id.* (quoting *Barker*, 407 U.S. at 530–31). However, the Supreme Court has noted that presumptive prejudice tends to be found as the delay approaches one year. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *see also Goncalves v Commonwealth*, 404 S.W.3d 180, 199 (Ky. 2013) (stating "[t]his Court has generally considered delays of over one year to be presumptively prejudicial[]"). A review of our cases discloses no situation in which a speedy trial violation was found for a delay of less than one year. *Gerlaugh v. Commonwealth*, 156 S.W.3d 747, 750 (Ky. 2005) (nine-month delay as to robbery charge was not presumptively prejudicial);[2] *Brown v.*

---

[2] In *Gerlaugh*, we measured the delay from date of indictment, as opposed to date of arrest, to date of trial. 156 S.W.3d at 750. That measurement appears to comply with our case law since Gerlaugh was in custody on an unrelated charge when served with the robbery warrant (date of service not stated) and then indicted.

*Commonwealth*, 934 S.W.2d 242, 249 (Ky. 1996) (ten-month delay); *Powell v.*
*Commonwealth*, 237 S.W.3d 570, 573-74 (Ky. App. 2007) (eleven-month delay);
*Johnson v. Commonwealth*, 180 S.W.3d 494, 500-01 (Ky. App. 2005) (ten and
one-half-month delay). In fact, in *Williams v. Commonwealth*, No. 2015–CA–
001579–MR, 2017 WL 1041273 (Ky. App. Mar. 17, 2017), a case involving first-
degree trafficking in a controlled substance, less than two grams heroin, and
trafficking in a simulated controlled substance, the court correctly applied
speedy trial case law holding that "a mere sixth month delay between arrest
and trial is not constitutionally intolerable." Id. at *3 (first citing *Gerlaugh*, 156
S.W.3d at 750; then citing *Brown*, 934 S.W.2d at 248-49; and then citing
*Barnett v. Commonwealth*, 2014–SC–000226–MR, 2015 WL 9243368, at *3 (Ky.
Dec. 17, 2015) (six-month delay not presumptively prejudicial in simple
robbery case)).

In Hensley's case, the period between arrest and dismissal was 6 months
and 23 days. Hensley was charged with possession of a controlled substance
and possession of drug paraphernalia, neither of which in this case can be
considered serious or complex for speedy-trial purposes. The Commonwealth
believes the delay falls short of the threshold for presumptive prejudice and
that we need not go further in our analysis. Hensley argues the cases cited by
the Commonwealth do not address crimes of the same (lack of) severity or (lack
of) complexity. Even accepting the characterization of Hensley's charges as
simple, we cannot say that the period between Hensley's arrest and the
dismissal of his case was presumptively prejudicial. The period at issue here

was not approaching the one-year mark we have previously identified as a signifier of presumptive prejudice.

Further, at the time the trial court found Hensley's speedy-trial rights violated, his original trial date was still five days away. Presumably, the trial court did not set the August 26 date with the knowledge that Hensley's rights would be considered violated by the time that date arrived.[3] If the trial court's concern was Hensley's speedy-trial rights being violated *in the future* by granting a continuance to the Commonwealth, then the trial court could have—and indeed did—deny the request.[4] Finding Hensley's speedy-trial rights violated on August 21 was premature. Because we do not find a delay in Hensley's case to be presumptively prejudicial, we do not reach the remainder of the *Barker* factors and hold the trial court erred in dismissing the case against Hensley.

### B. Compliance with CR 76.12.

Hensley asks this Court to strike the Commonwealth's brief before the Court of Appeals for failure to substantially comply with CR 76.12(4)(c)(iv-v).

---

[3] We also note the trial was set little more than two months after Hensley first invoked his speedy trial rights and sought a trial date.

[4] Because we reverse Hensley's dismissal and remand to the trial court we need not address whether the trial court should have granted the Commonwealth's motion for a continuance as the issue is now moot. *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) ("A 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." (quoting *Benton v. Clay*, 192 Ky. 497, 233 S.W. 1041, 1042 (1921)). However, we observe that the Commonwealth's proffered reason for requesting the continuance, the unavailability of the investigating officer, is considered a "valid reason" for delaying trial. *Barker*, 407 U.S. at 531; *Gonclaves*, 404 S.W.3d at 200.

Hensley asserts that the Commonwealth set forth facts not in the record in its statement of the case in 2019-CA-1360 and accordingly failed to provide pinpoint citations to those facts in its brief as required by our appellate rules. Hensley does not assert that the Commonwealth committed a similar error in its briefing before this court.

Although Hensley raised this issue below, the Court of Appeals did not directly address it in its opinion. By issuing an opinion on the merits of the appeal, however, the Court of Appeals implicitly chose to not sanction the Commonwealth for any deficiencies in its brief. Accordingly, we review the Court of Appeals' decision for abuse of discretion. *Crossley v. Anheuser-Busch, Inc.*, 747 S.W.2d 600, 601 (Ky. 1988) ("[T]his Court may not substitute its judgment for that of the Court of Appeals; and that unless the action of the Court of Appeals [in addressing a procedural defect] constitutes an abuse of discretion or is clearly erroneous, such is final[]").

We find no abuse in the Court of Appeal's decision to allow the Commonwealth's brief to stand and its appeal to continue. Ultimately, the unsupported factual statements the Commonwealth made were of little consequence to the issue on appeal, that being a question tightly focused on the procedural rather than factual history of Hensley's case. Even striking all offending statements from the brief would have marginal effect on the facts underlying the Court of Appeals' opinion. We must, however, caution all parties that failure to comply with rules governing appellate briefs is a habit to avoid. Failure to comply with these rules misplaces those "lights and buoys to

9

mark the channels of safe passage," *Commonwealth v. Roth*, 567 S.W.3d 591, 596 (Ky. 2019) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557,559 (Ky. 1977)), and in the future may well warrant dismissal of an appeal.

### III.   Conclusion.

For the foregoing reasons, the decision of the Court of Appeals is reversed and the Boone Circuit Court's Order of August 22, 2019, is vacated. This matter is remanded to the Boone Circuit Court for further proceedings.

All sitting.  All concur.

COUNSEL FOR APPELLANT/CROSS-APPELLEE:

Daniel Cameron
Attorney General

Christopher Henry
James Coleman Shackelford
Assistant Attorney General

COUNSEL FOR APPELLEE/CROSS-APPELLANT:

Steven Jared Buck
Kathleen Kallaher Schmidt
Department of Public Advocacy