RENDERED: NOVEMBER 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0541-MR

BARRY A. SATURDAY                    APPELLANT

v.              APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE DIANE MINNIFIELD, JUDGE
ACTION NO. 22-CI-00484

ASHWOOD TOWNHOUSES OF
LAREDO ASSOCIATION, INC.                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, GOODWINE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: This case involves a dispute between a homeowners'
association (HOA), and one of its board members. Appellant is the member, Barry
A. Saturday, *pro se* (Mr. Saturday). Appellee is Ashwood Townhouses of Laredo
Association, Inc. (Ashwood). Mr. Saturday filed suit in Fayette District Court,
generally alleging that he was wrongfully removed from his position on the

Ashwood HOA Board. Because the case involved equitable claims, it was transferred to Fayette Circuit Court. KRS[1] 24A.120.

After several instances of delay, Ashwood filed a motion to dismiss for failure to prosecute and for discovery violations. CR[2] 41.02 and CR 37.02(2)(c). Ashwood also requested sanctions and costs. The basis for the motion to dismiss included Mr. Saturday's delay in paying the circuit court filing fee, his tardy attendance in court, and repeated failures to comply with the court's discovery orders. Despite these discrepancies, Mr. Saturday filed a motion to amend his complaint to include a charge of defamation, more than one year after he filed his initial complaint in district court. The circuit court eventually dismissed the case pursuant to Ashwood's renewed motion under CR 41.02 and CR 37.02(2)(c).[3] Mr. Saturday appeals to this Court as a matter of right. His primary issue on appeal is: "[w]hen the relief requested in a small claims case exceeds the jurisdictional limits of the District Court, upon removal to Circuit Court pursuant to KRS 24A.310, does a new circuit complaint need to be filed?" For the following reasons, we affirm.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

[3] A new judge was elected during the pendency of the underlying litigation. The order at issue here addressed acknowledges that this may have contributed to the delay.

## STANDARD OF REVIEW

"On appellate review of a ruling on a defendant's CR 41.02 motion, we will overturn the trial court only for an abuse of discretion. An abuse of discretion will be found when the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *R.S. v. Commonwealth*, 423 S.W.3d 178, 184 (Ky. 2014) (internal quotation marks and citations omitted). *See also Jenkins v. City of Lexington*, 528 S.W.2d 729 (Ky. 1975) (holding that trial court did not abuse its discretion where the property owners remained inactive in the case for over two years and counsel for property owners failed to attend a pretrial hearing on the motion to dismiss for failure to prosecute). Similarly, "[w]e review a trial court's ruling regarding a discovery violation, including a decision not to impose sanctions, for abuse of discretion." *Wilson v. Commonwealth*, 381 S.W.3d 180, 191 (Ky. 2012). With these standards in mind, we now address the merits of the pending appeal.

## ANALYSIS

When considering a motion to dismiss for failure to prosecute pursuant to CR 41.02, the circuit court should consider the following factors 1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of

the claim; 5) prejudice to the other party; and 6) alternative sanctions. *Ward v.*

*Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991). In applying these factors, the

circuit court made the following findings:

> Mr. Saturday's behavior couches factors (1) and (2) in favor of dismissal. He was given multiple opportunities to meaningfully participate in the discovery process. Ashwood's filing of Motions to Dismiss and for Sanctions prompted him to continue to participate in the litigation, the Court found subsequent discovery responses unverified and incomplete, and he failed to adhere to the Court's second order compelling discovery responses. In fact, Ashwood did not receive any discovery responses from Plaintiff for five months following its initial discovery request. These actions demonstrate this *pro se* plaintiff's history of noncompliance with the judicial process. As to factors (4) and (5), the Court acknowledges Ashwood's efforts to litigate this case and its timely responses. Mr. Saturday has remained noncompliant with Court orders and has not submitted evidence that his claim is meritorious, much less evidence that Ashwood is able to respond to.
>
> In considering factors (3) and (6), the imposition of monetary sanctions in the form of attorney's fees is a sanction of last resort and is subject to analysis under the *Ward* factors. Monetary sanctions under [CR] 37.02 are understood to be imposed upon a showing of a party's egregious behavior or bad faith. CR 37.02. This Court finds that while Mr. Saturday's *pro se* status did not eliminate his responsibility of proceeding in good faith toward the judicial process and opposing counsel, he did not proceed maliciously. A party's negligent or misunderstanding of the discovery process does not justify the imposition of attorney's fees, and any remedies available to a party under CR 37.02 must be commensurate with the facts. *Bridewell v. City of Dayton ex rel. Urban Renewal and Community*

-4-

*Development Agency of City of Dayton*, 763 S.W.2d 151, 153 (Ky. App. 1988).

We acknowledge that, despite the numerous discrepancies and deviations from our rules and the circuit court's orders at issue in the underlying litigation, Mr. Saturday has at times been active in this case. However, much of that appears to have been reactive.

> Generally, it is entirely proper for a trial court to consider that a plaintiff has only been acting reactively and has shown no inclination to take affirmative steps to advance resolution of the case for an unreasonable period of time as a relevant factor indicating that the plaintiff has not been actively prosecuting the case.

*Jaroszewski v. Flege*, 297 S.W.3d 24, 38-39 (Ky. 2009) (applying CR 41.02, *Ward*, and "the totality of the circumstances.").

The circuit court in the present case also determined that Mr. Saturday's motion to amend his complaint was moot and not properly before the court. The previous presiding judge denied the motion to amend, and the court's order from which the present appeal was taken found no additional reason to permit amendment without prejudicing Ashwood. Lastly, there is nothing in KRS 24A.310 requiring the circuit court to accept an amended complaint upon transfer from the small claims division of the district court. Having reviewed the arguments, the law, and the relevant record, we cannot conclude that the circuit court abused its discretion here.

## CONCLUSION

For the foregoing reasons, we hereby AFFIRM the Fayette Circuit Court's order of dismissal entered on April 7, 2023.  Ashwood's request to strike Mr. Saturday's brief is moot.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Barry A. Saturday, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Stephen C. Keller
Mark E. Roth
Louisville, Kentucky