RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1165-MR

NICKALUS T. HOLT                                                                 APPELLANT

APPEAL FROM WOODFORD CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 14-CI-00363

SPECIALIZED LOAN SERVICING,                                        APPELLEE
LLC

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, GOODWINE, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is case involves the court ordered sale of real estate

owned by Appellant, Nickalus T. Holt (Holt), located in Woodford County,

Kentucky. The property address is 393 Winton Road, Versailles, KY, 40383 (the

Property). It was encumbered by a mortgage. Appellee, Specialized Loan

Servicing, LLC (Lender), is the mortgagee. Holt is the mortgagor.

Lender initiated the underlying foreclosure action on December 11, 2014, after Holt had been repeatedly delinquent in making payments required by the promissory note and secured by the mortgage. In an order entered on October 25, 2022, the Woodford County Circuit Court granted Lender in rem summary judgment. The court ordered the Woodford County Master Commissioner to sell the Property. The Notice of Sale was filed with the circuit court on November 18, 2022. Holt appeals to this Court as a matter of right. He raises several issues involving the court's denial of his request to amend his counterclaim, discovery, compliance with the relevant covenants, and the ultimate judgment of sale. For the following reasons, we affirm.

## STANDARD OF REVIEW

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). In contrast, "[w]e review a trial court's ruling regarding a discovery violation, including a decision not to impose sanctions, for abuse of discretion." *Wilson v. Commonwealth*, 381 S.W.3d 180, 191 (Ky. 2012). Similarly, "a trial court is vested with the discretion to determine whether to allow an amended pleading, and its decision will not be disturbed absent an abuse of that discretion." *Insight Kentucky Partners II, L.P. v.*

-2-

*Preferred Auto. Servs., Inc.*, 514 S.W.3d 537, 555 (Ky. App. 2016) (citation

omitted).

## ANALYSIS

Holt argues that the trial court committed reversible error by failing to

grant him leave to file an amended counterclaim to assert additional viable claims

against Lender. While it is true that leave to amend a pleading pursuant to CR[1]

15.01 is not overly restrictive, Holt fails to identify any such "viable" claim in his

brief that would have been the basis for amendment. In any event, we certainly

cannot conclude that the circuit court abused its discretion.

Next, Holt argues that the court erred in denying his motion for

dismissal under CR 37.02, which provides remedies for failure to comply with

discovery orders. One such sanction is dismissal. CR 37.02(2)(c)2. That is the

remedy Holt requested. Simply put, dismissal is completely inappropriate in this

instance. It is indiscernible if there was even a nominal violation of the court's

discovery order. *See Bridewell v. City of Dayton ex rel. Urban Renewal and*

*Community Development Agency of City of Dayton*, 763 S.W.2d 151, 153 (Ky.

App. 1988). As the court explained in its order on the matter, the discovery

schedule changed due, at least in part, to Holt obtaining new counsel during the

---

[1] Kentucky Rules of Civil Procedure.

underlying litigation.  And even then, the only remaining discovery at issue was obtaining depositions.  There was no abuse of discretion here.

The remainder of Holt's arguments arise from alleged noncompliance with the mortgage covenants and service of process.  First, he claims that he offered to pay off the delinquent balance in December of 2014.  However, he did not do so due to a dispute concerning fees, in addition to the principal and interest owed.  Holt claims this is a violation of the loan's covenants.  He also contends that he did not receive proper notice.

> Absent an ambiguity in the contract, the parties'
> intentions must be discerned from the four corners of the
> instrument without resort to extrinsic evidence.  A
> contract is ambiguous if a reasonable person would find
> it susceptible to different or inconsistent interpretations.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted).  We agree with the circuit court that the relevant terms of service upon default are unambiguous and have been satisfied here.  In its order issued pursuant to CR 52.02, the court elaborated that:

> Plaintiff properly sent notice to the Defendant of the
> default both VIA U.S. Mail and Certified Mail as set out
> in the Affidavit of []Laura Ollier and the Plaintiff's own
> business records.  The Defendant's personal denial of
> notice is unsupported by evidence.  However, the mere
> sending of the letter giving notice of default via US Mail
> is enough to satisfy the notice provision of the contract.
> The Plaintiff does not have to affirmatively show that the
> Defendant actually received the notice The language in
> the contract is unambiguous as to this point.  As such, the

Defendant is not exulted to relief from the Court's prior
Judgment and Order of Sale.

Similarly, Holt presents no item of evidence or legal directive that would render

the underlying pre-foreclosure, foreclosure, or post-foreclosure process materially

defective. It was nearly eight years between the filing of the underlying

foreclosure action and the entry of the judgment of sale. Absent a clear factual or

legal directive to the contrary, reversal is not required. Any additional arguments

raised by Holt either lack preservation, merit, or are otherwise unpersuasive.

Therefore, we AFFIRM.


ALL CONCUR.


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Robert A. Winter, Jr.          Matthew J. Richardson
Fort Mitchell, Kentucky        Columbus, Ohio

Myrle L. Davis
Louisville, Kentucky